COVINGTON, Judge.
ON MOTION TO DISMISS
On December 18, 1978, the trial judge, after hearing held, signed an order compelling the defendant to answer certain interrogatories, and assessed $200.00 as attorney’s fee and cast defendants in cost.
A Motion and Order of Appeal was filed and signed on January 12, 1979.
This Court, on its own motion, issued a Show Cause Order, directing the parties to show cause, by briefs, why the appeal should or should not be dismissed. The reason for its issuance was concern as to the jurisdiction of this court to hear the matter at this stage of the proceeding.
As stated by our esteemed brother, Judge Morris A. Lottinger, Jr., in the case of Winslow v. Goodyear Tire and Rubber Co. et al., 359 So.2d 699 (La.App. 1 Cir. 1978):
“The jurisprudence is clear that a judgment from an order compelling discovery is an interlocutory judgment which is nonappealable, absent a showing that irreparable injury will result. LSA-C.C.P. arts. 1841 and 2083, Roy v. Moity, 225 So.2d 315 (La.App. 3rd Cir. 1969).
“We fail to see where irreparable injury will result since this matter can be raised on appeal following a trial on the merits or by application to this court for the exercise of its supervisory jurisdiction including the issuance of necessary orders staying the execution of this judgment. The purpose of discovery devices is to facilitate proceedings at the trial level, and this court will not interfere with the orderly proceedings in the trial court and entertain appeals from interlocutory decrees absent a clear showing of irreparable injury.”
*1243 Since we have no jurisdiction, we cannot consider the question of proper service of the interrogatories.
Accordingly, the appeal is dismissed at appellant’s cost.
APPEAL DISMISSED.