CUTRER, Judge.
MOTION TO DISMISS
The defendant-appellees, Dr. Joseph P. Martinez et al, moves to dismiss the appeal of plaintiff-appellant, Jessie Landry, on the grounds that the judgment appealed from is an non-appealable interlocutory judgment.
This is a medical malpractice claim filed by Jessie Landry against Joseph P. Martinez, et al. Due to the fact defendants were qualified health care providers, the original petition was dismissed. As provided in LSA-R.S. 40:1299.47(C), an attorney chairman was selected by both parties to aide in the selection of the medical review panel. In accordance with LSA-R.S. 40:1299.47(C)(2), plaintiff named Dr. John V. Ferazzano, a physician practicing in Opelousas, Louisiana, and of the same specialty as defendants to serve on the medical review panel.
Thereafter, the defendant and his insurer filed a petition for an order and relief pursuant to LSA-R.S. 40:1299.47(CX8). This petition sought an order directing the plaintiff, Jessie Landry, to withdraw the name of Dr. John V. Ferazzano as a member of the medical review panel and to name and select in his place any other duly qualified physician. Defendant argues that plaintiff’s attorney consulted with Dr. John Kempf, an employee of Dr. John V. Feraz-zano, thereby requiring the preclusion of Dr. Ferazzano from the medical review panel. The district court concurred with this opinion and issued an order directing plaintiff to name and select any other duly qualified physician with whom they have had no contact. Plaintiff-appellant has appealed this order.
Defendant-appellee filed a motion to dismiss this appeal contending that the judgment rendered below is not a final judgment, but merely an interlocutory decree which is not appealable absent a showing of irreparable injury. We disagree.
The original petition for damages against Dr. Joseph P. Martinez, Jr., et al., was dismissed by judgment of the trial court as being premature.
The defendant and his insurer then filed a petition seeking relief pursuant to LSA-R.S. 40:1299.47(C)(8). The trial court, after a hearing, rendered judgment granting defendants the relief prayed for.
The only issue before the trial court was the composition of the review panel. This *965 issue being reduced to judgment becomes a final judgment of the only litigation before the trial court. As such, this appeal is properly before this court as it emanates from a final judgment. LSA-C.C.P. Articles 1841 and 2083.
MOTION DENIED.