CHEHARDY, Judge.
On March 19, 1984, ex proprio motu, we ordered the appellant, Wade Williams, to show cause why his appeal should not be dismissed, on the following grounds:
There was no hearing on the merits and the overruling of the exceptions may not constitute an appealable judgment where there has been no showing of irreparable injury.
In this suit by Riverlands National Bank for a deficiency judgment after seizure and sale of movable property subject to a chattel mortgage, defendant Wade Williams filed an exception of nonjoinder of an indispensable party, his former wife. He alleged Linda Marie Williams was an indispensable party because at the time the promissory note and chattel mortgage were signed, a community of acquets and gains existed between Wade Williams and Linda Marie Williams. Accordingly, Williams alleged, the debt owed to plaintiff bank was a community debt, making Linda Marie Williams equally liable with Wade Williams for it. Defendant alleged further that Linda Marie Williams’ signature appeared on the mortgage act along with that of Wade Williams, making her equally liable with defendant.
At the hearing on the exception, the trial court ruled that since Linda Marie Williams signed neither the note nor the chattel mortgage with respect to the transaction, defendant’s argument that she is an indispensable party was without merit. Accordingly, the court overruled the exception. Wade Williams has appealed.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. LSA-C.C.P. art. 1841. An appeal may be taken from a final judgment and from an interlocutory judgment that may cause irreparable injury. LSA-C. C.P. art. 2083.
*755 A judgment overruling an exception of nonjoinder of an indispensable party is an interlocutory judgment. Therefore, appellant must show irreparable injury to be entitled to an appeal before determination of the merits of the suit. The classification of indispensable party may be applied to a party only after the facts clearly establish that no complete and equitable adjudication of the controversy can be made in his or her absence. LSA-C.C.P. art. 641; State, Dept. of Hwys. v. Lamar Adv. Co. of La., Inc., 279 So.2d 671 (La.1973).
Defendant presented no evidence in support of his exception at the hearing thereon. LSA-C.C. art. 2357 provides that an obligation incurred by a spouse before or during the community property regime may be satisfied after termination of the regime from the property of the former community and from the separate property of the spouse who incurred the obligation. LSA-C.C. art. 2358 states that upon termination of a community property regime, a spouse may have against the other spouse a claim for reimbursement, subject to other codal provisions. Appellant has made no showing that his rights against his former wife for reimbursement or her rights to resist such a demand would be affected by failure to join her as a party defendant herein.
For the foregoing reasons, we conclude there is no showing of irreparable injury. Accordingly, the appeal is dismissed; the case is remanded to the district court for further proceedings.
APPEAL DISMISSED; CASE REMANDED.