469 So.2d 47 (1985)
Billy M. YEAGER
v.
BATON ROUGE GENERAL HOSPITAL, et al.
No. CA 84 1453.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
*48 Arthur Cobb, Baton Rouge, for plaintiff-appellant Billy M. Yeager.
Vicki M. Crochet & F.W. Middleton, Jr., Oscar L. Shoenfelt, Gary M. Cooper, Baton Rouge, for defendant-appellee Dr. William D. Wall.
Before COLE, CARTER and LANIER, JJ.
LANIER, Judge.
Defendant-appellee, Dr. William Wall, IV, seeks to have this appeal dismissed because the judgment appealed is a nonappealable, interlocutory judgment.
On January 21, 1982, plaintiff-appellant, Billy Yeager, filed suit in tort against Baton Rouge General Hospital and Dr. William Wall, IV. On December 28, 1982, the trial court dismissed Yeager's suit, without prejudice, as premature because he failed to submit his complaint to a medical review panel before commencing suit. La.R.S. 40:1299.47(B)(1)(a)(i).
A complaint was filed with the commissioner of insurance, and the review panel was finally constituted on February 7, 1984. On August 24, 1984, Yeager moved to dissolve the panel because it failed to carry out its duties within the period provided in La.R.S. 40:1299.47(G). La.R.S. 40:1299.47(K). A hearing was held, and on October 9, 1984, the trial court denied the motion. From this judgment, Yeager took this devolutive appeal.
La.C.C.P. art. 1841 provides, in pertinent part, as follows:
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.
An appeal may be taken from a final judgment and from an interlocutory judgment which may cause irreparable injury. La.C. C.P. art. 2083;[1]Riverlands National Bank v. Williams, 450 So.2d 753 (La.App. 5th Cir.1984); Ciolino v. Castiglia, 446 So.2d 1366 (La.App. 1st Cir.1984).
*49 A judgment which neither disposes of issues applicable to the merits, nor finally affects the merits, nor deprives defendant of benefits to which he may be entitled at final hearing, is a nonappealable interlocutory judgment. River Cities Construction Company, Inc. v. Barnard & Burk, Inc., 444 So.2d 1260 (La.App. 1st Cir.1983), writs denied, 446 So.2d 1223, 1226 (La.1984). The test for determining whether an interlocutory judgment may cause irreparable injury is whether any error in the judgment may be corrected as a practical matter in an appeal following the determination of the merits. Updegraff v. Parish of St. Bernard, 433 So.2d 863 (La. App. 4th Cir.1983); Cheramie v. Vegas, 385 So.2d 453 (La.App. 1st Cir.1980). Further, a judgment which merely requires the parties to go to trial does not constitute irreparable harm. Updegraff, 433 So.2d at 865. Brian v. Target, Inc., 395 So.2d 372 (La.App. 1st Cir.1981).
The judgment herein is interlocutory because it neither disposes of the issues nor affects the merits. It does not cause irreparable injury because the effect of the judgment only requires Yeager to wait while the medical review panel makes a good faith effort to carry out its duties. La.R.S. 40:1299.47(K). Since this interlocutory judgment causes no irreparable injury, it is not appealable.
Accordingly, the appeal herein is dismissed at appellant's costs.
APPEAL DISMISSED.
NOTES
[1] This article, as amended by Acts 1984, No. 59, § 1, also provides for an appeal from a judgment reformed in accordance with a remittitur or additur under Article 1814.