527 So.2d 1112 (1988)
Nellie L. LAWRENCE
v.
Satyarthi GUPTA, M.D.
No. 88 CM 0233.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
Victoria Alexander, Mandeville, for plaintiff-appellee.
Frank J. Varela, Metairie, for defendant-appellant.
Joseph Bishop, Mandeville, for Medical Review Panel, appellee.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This court has issued an order on motion of plaintiff-appellee, Nellie L. Lawrence, directing the parties to show cause why this devolutive appeal should not be dismissed.
Ms. Lawrence filed a medical malpractice complaint with the Louisiana Commissioner of Insurance against defendant-appellant, Satyarthi Gupta, an ophthalmologist. Pursuant to LSA-R.S. 40:1299.47(B)(2)(a), Dr. Gupta filed a peremptory exception in the district court urging that Ms. Lawrence's claim has prescribed. After a hearing, the trial court overruled the exception, and Dr. Gupta devolutively appealed that decision.[1] Ms. Lawrence has moved to dismiss Dr. Gupta's appeal on the basis that it was taken from a nonappealable, interlocutory judgment.
An appeal may be taken from a final judgment or from an interlocutory judgment which causes irreparable injury. LSA-C.C.P. art. 2083. A judgment which denies a peremptory exception raising the objection of prescription is an interlocutory judgment and is not appealable in the absence of a showing of irreparable harm. See Miller v. Upjohn Company, 461 So.2d 676 (La.App. 1st Cir.1984).
The test for determining whether an interlocutory judgment may cause irreparable injury is whether any error in the judgment may be corrected as a practical matter in an appeal following a determination of the merits. Yeager v. Baton Rouge General Hospital, 469 So.2d 47 (La.App. 1st Cir.1985). The denial of a peremptory exception raising the objection of prescription *1113 can be cured on appeal if found to be error. See Miller v. Upjohn Company, supra.
In his response to the motion to dismiss, Dr. Gupta contends the judgment is appealable because it will cause him irreparable injury. He alleges he will suffer harassment, mental anguish, unnecessary expense, and undue delay if he is required to continue with the proceedings before the medical review panel.
It is well settled that the inconvenience and expense of a trial caused by the court's refusal to sustain an exception do not constitute irreparable injury so as to allow an appeal from such a judgment. Parkerson v. Swaggart, 478 So.2d 922 (La. App. 1st Cir.1985). Likewise, mental and emotional anguish which a defendant may experience from having to proceed with a trial on the merits do not constitute "irreparable injury" within the purview of LSA-C.C.P. art. 2083. Parkerson v. Swaggart, supra. Consequently, Dr. Gupta has not shown he will suffer any irreparable injury from having to continue with the medical review proceedings.
For these reasons, the motion to dismiss the appeal is granted at appellant's costs.
APPEAL DISMISSED.
NOTES
[1] Dr. Gupta also filed an application for supervisory writs, which this court denied stating Dr. Gupta has an adequate remedy on appeal from the final judgment on the merits.