550 So.2d 864 (1989)
The WOMEN'S CLINIC, Warren C. West, M.D. and Benny M. Popwell, M.D., Appellants,
v.
Virgil West WATSON, Janet Marie Watson, and Brett Daniel Watson (The Minor Child), Appellees.
No. 20781-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1989.
Lunn, Irion, Johnson, Salley & Carlisle by Brian D. Smith, Shreveport, for appellant.
*865 Keene, Auer & Antee by J. Ransdell Keene, Shreveport, for appellee.
Before HALL, MARVIN and NORRIS, JJ.
NORRIS, Judge.
In this matter, incidental to a medical malpractice claim, plaintiffs (hospital and doctors) against whom the malpractice claim is pending before the medical review panel, appeal the trial court judgment overruling their peremptory exception of prescription filed in the district court pursuant to LSA-R.S. 40:1299.47B(2)(a). We note on our own motion that the judgment appealed from is interlocutory and does not cause irreparable injury; accordingly, we dismiss the appeal.
On December 2, 1985, Virgil and Janet Watson, individually and as administrators and natural tutors of their minor child, Brett David Watson, in accordance with LSA-R.S. 40:1299.47, filed a petition with the Commissioner of Insurance to establish a medical review panel to review the medical treatment provided in connection with the birth of Brett on June 15, 1984 by Drs. West and Popwell and The Women's Clinic.
Subsequently, the doctors and the clinic, availing themselves of the provisions of R.S. 40:1299.47B(2)(a), filed an original and supplemental petition in the district court to dissolve the medical review panel prior to completion of its review on grounds that the Watsons' malpractice claim had prescribed. In their petitions, the doctors clearly stated that they were raising the peremptory exception of prescription.
The parties submitted the issue of prescription as governed by LSA-R.S. 9:5628 to the district court on deposition and documentary evidence. The trial court, in written reasons, found that Mr. and Mrs. Watson had insufficient information to put them on notice of any medical malpractice prior to February, 1985 and therefore overruled the exception of prescription. A judgment overruling the exception of prescription was read and signed on September 3, 1988. From this judgment, the clinic and the doctors appeal.
A judgment that does not determine the merits but only preliminary matters in the course of an action is an interlocutory judgment as contrasted to a final judgment which determines the merits in whole or in part. LSA-C.C.P. art. 1841; LeBlanc v. LeBlanc, 451 So.2d 1279 (La. App. 3d Cir.1984). An appeal may be taken from a final judgment or from an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. art. 2083; Ciolino v. Castiglia, 446 So.2d 1366 (La.App. 1st Cir. 1984). A judgment overruling a peremptory exception of prescription is an interlocutory judgment and is not appealable absent a showing of irreparable harm. Bordelons' Inc. v. Littell, 490 So.2d 779 (La.App. 3d Cir.1986); Rousseau v. Employer's Mutual of Wausau, 493 So.2d 121 (La.App. 5th Cir.1986). The test for determining whether an interlocutory judgment may cause irreparable injury is whether any error in the judgment may be corrected as a practical matter on appeal following the determination of the merits. Cheramie v. Vegas, 385 So.2d 453 (La.App. 1st Cir. 1980). The denial of a peremptory exception urging prescription can be cured on appeal if found to be in error. Miller v. Upjohn Co., 461 So.2d 676 (La.App. 1st Cir.1984). The inconvenience and expense of a trial on the merits caused by the court's refusal to sustain a peremptory exception does not constitute irreparable injury within the purview of C.C.P. art. 2083. Parkerson v. Swaggart, 478 So.2d 922 (La. App. 1st Cir.1985).
We conclude that the fact that appellants urged the peremptory exception by original and supplemental petition in the district court to dissolve the medical review panel in accordance with 40:1299.47B(2)(a) should not change the result. This identical issue has been considered by the First Circuit Court of Appeal in Lawrence v. Gupta, 527 So.2d 1112 (La.App. 1st Cir. 1988), writ denied 532 So.2d 750 (La. 1988). In Lawrence, the doctor, pending review by the panel, filed in the district court a peremptory exception of prescription which was overruled; he then devolutively appealed this judgment. The appellate court *866 dismissed the appeal noting that the judgment appealed from was interlocutory and would not cause irreparable harm.
Also, in Yeager v. Baton Rouge General Hosp., 469 So.2d 47 (La.App. 1st Cir.1985), plaintiff's tort suit against a hospital and a doctor was dismissed without prejudice because he had failed to submit his complaint to a medical review panel prior to commencing suit. Plaintiff then filed a complaint with the insurance commissioner and the review panel was constituted. Thereafter, plaintiff moved in district court to dissolve the panel for failure to carry out its duties within the prescribed statutory time. After a hearing, the trial court denied plaintiff's motion and plaintiff devolutively appealed. The appellate court dismissed the appeal concluding that the judgment denying the dissolution of the medical review panel was interlocutory in that it neither disposed of the issues nor affected the merits of the malpractice action and that plaintiff would not suffer irreparable injury by having to wait while the medical review panel made a good faith effort to carry out its duties.
We are in agreement with the rationale of Lawrence and Yeager, supra, and choose to follow them. Insofar as Landry v. Martinez, 415 So.2d 965 (La.App. 3d Cir.1982), appears to be in conflict, we choose not to follow it. On our own motion, we conclude the instant judgment overruling appellants' peremptory exception of prescription (and, consequently, not dissolving the medical review panel) is interlocutory.
We are aware that we have the authority to consider this appeal as an application for writs. North Cent. Util. v. East Columbia Water Dist., 516 So.2d 1268 (La.App. 2d Cir.1987). Considering it in that light, we deny the writ because any error is correctable on appeal, plaintiff will not suffer irreparable harm, the issue involved is one of disputed fact, and judicial efficiency and fundamental fairness to the litigants do not, in our discretion, dictate use of our supervisory powers at this time. See Greater Baton Rouge Airport District v. Hays, 345 So.2d 66 (La.App. 1st Cir.1976) and Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).
The judgment is not appealable and does not cause irreparable harm. The appeal is dismissed at appellants' costs.
APPEAL DISMISSED; WRIT DENIED.