LOTTINGER, Chief Judge.
This is an appeal, by the State, of a judgment denying it the relief sought by its Rule to Show Cause. In the district court, the State sought an order to compel Mr. Jowers to respond to interrogatories it propounded to him before a medical review panel. Mr. Jowers had requested that a medical review panel be convened to examine his claims of malpractice against several doctors, and other personnel, at Charity Hospital in New Orleans.
The State asserted, in its rule, that those sections of the Code of Civil Procedure dealing with'discovery should be added to the State Medical Review Panel Act. Paragraph 7 of the Rule to Show Cause reads as follows:
While the State Medical Review Panel Act, La.R.S. 40:1299.39.1 does not provide expressly for interrogatories as a pre-panel discovery procedure, the Act does provide for some forms of discovery, 40:1299.39.1D(2), (3), and (4), and in order that the Act’s intent be fully implemented, it is proper that all the discovery means in the Code of Civil Procedure be engrafted into the Act. (Emphasis supplied.)
The district court found that the types of evidence named in the Act constituted an exhaustive list, and recalled the rule. The State then applied to this Court for a supervisory writ. We declined to exercise our supervisory jurisdiction on grounds that the criteria set forth in Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981), were not met.
The State next moved for a devolutive appeal. In support of its motion the State, incorrectly, asserted that this Court’s ruling meant that irreparable injury had been shown such that an appeal would lie from the trial court’s interlocutory judgment recalling the rule.
In this appeal, the State assigns as error the following:
1. The trial court committed reversible error in reading the pertinent statute narrowly and limiting the modes of discovery available in a malpractice claim which is pending for review before a medical review panel.
2. The trial court erred in not taking judicial notice of the proffered evidence.
This Court, noting an apparent jurisdictional defect in the State’s appeal ordered the parties to show cause why the appeal should not be dismissed for being taken from a nonappealable judgment. After additional briefing by the parties solely as to this issue, we find that this appeal was improperly taken because the judgment appealed is an interlocutory judgment, and there has been no showing of irreparable injury. See La.Code Civ.P. articles 1841 and 2083.
The State has taken the position, because its rule to compel discovery was the sole matter pending before the district court, that any dispositive ruling was necessarily a final judgment as to the entire “case” *843 before it. This argument is wholly lacking in merit. Judgments dealing with discovery matters are interlocutory in nature, regardless of whether any other matters are pending before the trial court. Ramey v. Dean, 372 So.2d 1242 (La.App. 1st Cir. 1979). This is not a case in which the judgment of the trial court decided the merits of a non-preliminary issue of law. Cf. Landry v. Martinez, 415 So.2d 964, 964-965 (La.App. 3d Cir.), writ denied, 420 So.2d 443 (La.1982). Therefore, no appeal lies from the judgment of the trial court recalling the rule to Show Cause, and the appeal must be dismissed.
Therefore for the above and foregoing reasons the appeal of the State of Louisiana, through the Department of Health and Hospitals is dismissed. All costs of this proceeding are assessed against the appellant, Department of Health and Hospitals in the amount of $316.89.
APPEAL DISMISSED.