712 So.2d 199 (1998)
Patrick N. DEVERS
v.
SOUTHERN UNIVERSITY and A & M College.
Patrick N. DEVERS
v.
Gerald C. PEOPLES, et al.
Nos. 97 CA 0259, 97 CA 0260.
Court of Appeal of Louisiana, First Circuit.
April 8, 1998.
*201 Bernard J. Hardy, Baton Rouge, for Plaintiff/Appellee Patrick Devers.
Winston G. Decuir, David G. Sanders, Linda Law Clark, Baton Rouge, for Defendant/Appellant Southern University.
Before CARTER and FITZSIMMONS, JJ., and CHIASSON,[1] J. Pro Tem.
CARTER, Judge.
This is an appeal by Southern University and A & M College (Southern University) from a trial court judgment declaring its dormitory sweep policy prima facie unconstitutional. The plaintiff, Patrick Devers (Devers), answered the appeal asserting the trial court erred in dismissing a number of defendants and denying his discovery motions and request for sanctions.[2]

FACTS AND PROCEDURAL HISTORY
On March 8, 1995, Devers, a student at Southern University, was arrested following the discovery of twelve bags of marijuana in his dormitory room. The discovery was made pursuant to a dormitory sweep authorized by Southern University's Housing Agreement, which students living in campus housing are required to sign. Devers was issued an administrative expulsion and prohibited from attending classes.
On March 23, 1995, Devers filed a suit for damages and an injunction against Southern University. Devers sought a temporary restraining order from his expulsion. On March 27, 1995, the trial court issued an order vacating Devers' administrative expulsion and ordering Devers to only be suspended from classes until the Judiciary Committee of Southern University determined whether he had violated the Southern University code of conduct manual. The Judiciary Committee was scheduled to hold a hearing on March 30, 1995.
On March 28, 1995, while Devers was on the Southern University campus attempting to gather evidence for his disciplinary hearing before the Judiciary Committee, he was detained, arrested, and forced off the campus. Devers filed a Rule for Contempt on March 30, 1995, alleging Southern University's actions violated the March 27, 1995 court order. After hearing the charges against Devers, the Judiciary Committee found Devers guilty of the following violations of the code of student conduct: 1.13 Manufacturing, Distributing, or Selling Drugs or Narcotics; 1.14 Possession of Drugs, Narcotics or Marijuana.
The Judiciary Committee recommended Devers be expelled from Southern University. In a letter dated March 31, 1995, Gerald Peoples, the Vice Chancellor of Student Affairs, notified Devers that he agreed with the recommendation of expulsion and informed Devers of the appeal procedure. Devers never pursued the appeal procedure. Instead, on April 10, 1995, Devers amended his original suit and asserted an action under 42 U.S.C.A. § 1983,[3] arising out of the alleged unconstitutional search of his dormitory room.
On April 17, 1995, Devers filed a second lawsuit, captioned, "Patrick N. Devers v. Gerald Peoples, et al.," No. 416,026, Div. A in *202 the 19th Judicial District Court. In this suit, Devers named Gerald Peoples, Kevin Jefferson, Joseph Broaden, and Brenda Walton, as defendants in an action seeking damages for their respective roles in having Devers removed from the Southern University campus on March 28, 1995. We note the record reflects this petition was filed again on April 28, 1995, and May 3, 1995. The allegations in this petition duplicate the allegations in Devers' earlier rule for contempt filed against Southern University.
Meanwhile in Devers' initial lawsuit, he filed a multitude of amending petitions on May 5, and May 8, 1995, naming the following individuals as defendants: Delores Spikes, Marvin Yates, Gerald Peoples, Melvin Robinson, Brenda Walton, Leeta Hayes, Roland DeRouen, Jarmeca Norris, Elise Hodge, Harrison Baptiste, Joseph Broaden, Jessie James Monroe, Patrick Fontenot, Winston DeCuir, Tolar White, Yvonne Hughes, Elvin Sterling, Kevin Jefferson, Gerald Acorn, Myrtle Joyner, Press Robinson, and Sidney Matthews.
On May 31, 1995, the trial court rendered a judgment reflecting the settlement of the part of the suit pertaining to the injunction between Devers and Southern University. Pursuant to that judgment, Devers' expulsion was reduced to a suspension for the spring term of 1995, and he would be allowed to enroll at Southern University for the fall term of 1995, and could apply to attend band camp in the summer of 1995.
Devers' two suits were consolidated on July 10, 1995. The issues presented to this court arise from judgments issued by the trial court on October 28, 1996, and November 13, 1996. The judgments are attached hereto as "Appendix A."[4] The judgment rendered by the trial court held Southern University's dormitory regulation authorizing warrantless searches of rooms by Southern University officials and police officers, prima facie unconstitutional. The trial court further granted summary judgment dismissing Winston DeCuir, Sidney Matthews, Patrick Fontenot, Melvin Robinson, Leeta Haynes, Roland DeRouen, Myrtle Joiner, and Jarmeca Norris; and dismissed Linda Law Clark, the Attorney General of Louisiana and the Louisiana Department of Justice based on the peremptory exception raising the objection of no cause of action.
Southern University assigns the following assignment of error:
1. Did the lower court err in granting plaintiff's motion for summary judgment declaring the dormitory sweep policy of Southern University A & M College unconstitutional on its face?
Devers answered the appeal and assigned the following assignments of error:
1. The trial court erred in denying appellee's motion for summary judgment against appellants for violation of appellee's constitutional due process rights.
2. The trial court erred in denying appellee's motion to lift discovery restrictions.
3. The trial court erred in denying appellee's motion to compel discovery and sanction appellants.
4. The trial court erred in denying appellee's motion requesting sanctions against Winston G. DeCuir or [sic] Linda Law Clark and David G. Sanders for their conduct in this action.
5. The trial court erred in denying appellee's motion to disqualify Winston DeCuir and Linda Clark and the law firm of DeCuir and Clark from appearing as counsel in this case because they are either named as defendants or will be called as witnesses in this case.
6. The trial court erred in granting the motion for summary judgment dismissing Winston G. DeCuir as a defendant.
7. The trial court erred in granting the motion for summary judgment dismissing appellants Sidney Matthews, Patrick Fontenot, Melvin Robinson, Leeta Haynes, Jarmeca Norris, Roland DeRouen and Myrtle Joiner.

*203 8. The trial court erred in sustaining Linda Clark's exceptions of no cause of action, no right of action and improper joinder.
9. The trial court erred in sustaining the exception of no cause of action filed by the Attorney General of Louisiana and the Department of Justice.

SUMMARY JUDGMENTS
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir. 6/20/97); 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97); 703 So.2d 29; Kidd v. Logan M. Killen, Inc., 93-1322, p. 4 (La.App. 1st Cir. 5/20/94); 640 So.2d 616, 618; Jarrell v. Carter, 632 So.2d 321, 323 (La.App. 1st Cir.1993), writ denied, 94-0700 (La.4/29/94); 637 So.2d 467; Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115, 1120 (La.App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318, 325 (La.1993); Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991); Sanders v. Ashland Oil, Inc., 696 So.2d at 1035.
The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d at 325; Kidd v. Logan M. Killen, Inc., 640 So.2d at 618-19; Sanders v. Ashland Oil, Inc., 696 So.2d at 1034.
In 1996, the Louisiana legislature amended LSA-C.C.P. art. 966 by adding paragraph (A)(2), which states in pertinent part:
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends.[5]
The summary judgment law, as amended in 1996, was explained in Hayes v. Autin, 96-287, pp. 6-7 (La.App. 3rd Cir. 12/26/96); 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97); 690 So.2d 41:
Under the amended statute, the initial burden of proof remains with the mover to show that no genuine issue of material fact exists. Under Article 966(C), once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. The amendment to Article 966 brings Louisiana's standard for summary judgment closely in line with the federal standard under Fed. Rule Civ. Pro. 56(c)....
*204 The Legislature amended LSA-C.C.P. art. 966 in 1997 La. Acts No. 483 §§ 1 and 3, in order to clarify 1996 La. Acts No. 9 § 1 of the First Extraordinary Session of 1996 and to legislatively overrule all cases inconsistent with Hayes v. Autin, 96-287 (La.App. 3rd Cir. 12/26/96); 685 So.2d 691. See 1997 La. Acts No. 483 § 4. Act 483 repealed sections (F) and (G), and amended sections (C) and (E) to read as follows:
C.(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
* * * * * *
E. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case.
The retroactive application of the amendment is evidenced by the Legislature's clear expression in § 4 of the Act. The amendment also sought to rectify the misapplication of the article by various state courts in clarifying what the original amendment purported to enact. See Reichert v. State, Department of Transportation, 96-1419 and 96-1460, p. 7 (La.5/20/97); 694 So.2d 193, 199. In our determination of whether the trial court properly granted the motions for summary judgment, we will apply LSA-C.C.P. art. 966 as amended.

Constitutionality of Dormitory Regulation
The provision of Southern's Rental Agreement at issue provides as follows:
The University reserves all rights in connection with assignments of rooms, inspection of rooms with police, and the termination of room occupancy. (Emphasis added).
The trial court ruled this regulation was prima facie unconstitutional in that it violated the Fourth Amendment rights of students living on the campus of Southern University. In holding the regulation prima facie unconstitutional, the trial court determined that there is no set of circumstances under which the regulation would be valid. See United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987); State v. Brown, 94-1290, p. 5 (La.1/17/95); 648 So.2d 872, 875.
The Fourth Amendment to the United States Constitution provides:
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
The basic purpose of this Amendment is to safeguard the privacy and security of individuals against arbitrary invasion by government officials. See Camara v. Municipal Court of City and County of San Francisco, 387 U.S. 523, 526, 87 S.Ct. 1727, 1730, 18 L.Ed.2d 930 (1967). To determine the reasonableness of a search, there must be a balancing of the need to search against the invasion in which the search entails. Morale v. Grigel, 422 F.Supp. 988, 997 (D.N.H.1976). It has been established that students do not shed their constitutional rights at the schoolhouse door. See Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 506, 89 S.Ct. 733, 736, 21 L.Ed.2d 731 (1969). A student who occupies a college dormitory room enjoys the protection of the Fourth Amendment. Piazzola v. Watkins, 442 F.2d 284, 289 (5th Cir.1971). A dormitory *205 room is a student's house for all practical purposes, and a student has the same interest in the privacy of his room as any adult has in the privacy of his home, dwelling, or lodging. See Smyth v. Lubbers, 398 F.Supp. 777, 786 (W.D.Mich.1975). A dormitory room is a student's home away from home, and any student may reasonably expect that once the door is closed to the outside, his or her solitude and secrecy will not be disturbed by a governmental intrusion without at least permission, if not invitation. The Fourth Amendment by its very terms guarantees this. Morale v. Grigel, 422 F.Supp. at 997.
Southern University argues that the increase in school violence, the increased prevalence of weapons at schools, and the continued involvement of students with drugs form the basis of a substantial state interest in discovering and eliminating weapons and drugs from the educational setting. Southern University asserts that its concern for the safety of its students, faculty, and staff provides the basis for the random dormitory sweeps. Southern argues that its regulation is similar to the Utah State University regulation encountered in State v. Hunter, 831 P.2d 1033 (Utah App.), review denied, 843 P.2d 1042 (Utah 1992) which provided as follows:
15. ENTRY TO STUDENT ROOMS.
University officials reserve the right to enter and inspect residence hall rooms at any time. Inspections will occur when necessary to protect and maintain the property of the University, the health and safety of its students, or whenever necessary to aid in the basic responsibility of the University regarding discipline and maintenance of an educational atmosphere. In such cases effort will be made to notify the resident(s) in advance and to have the resident(s) present at the time of entry.
831 P.2d at 1034.
In Hunter, a warrantless search was made of a student's dormitory room, pursuant to room to room inspections conducted in response to vandalism and other behavior problems. The court held the regulation was a reasonable exercise of the university's authority to maintain an educational environment. State v. Hunter, 831 P.2d at 1036. It is important to note that the court distinguished this case on the basis of what did not occur, specifically, Hunter was not a case in which university officials took action at the behest of or as part of a joint investigation with the police. State v. Hunter, 831 P.2d at 1037. Nor did the university officials attempt to delegate their right to inspect rooms to the police, which would result in circumvention of traditional restrictions on police activity. State v. Hunter, 831 P.2d at 1037.
The wording of the Utah State University regulation is quite different from Southern University's housing regulation. The regulation in Hunter specifically stated the purpose of its inspections are for maintenance of university property, the health and safety of students, and maintenance of discipline in an educational atmosphere. Administrative checks of dormitory rooms for health hazards are permissible pursuant to the school's interest in the maintenance of its plant and health of its students, as are searches in emergencies, such as in the case of fire. Morale v. Grigel, 422 F.Supp. at 998. However, Southern University's regulation does not specify such a purpose, rather it allows entry of dormitory rooms accompanied by police without any stated purpose.
In Piazzola v. Watkins, 442 F.2d 284, the United States Fifth Circuit considered the constitutionality of the following provision contained in Troy State University's housing regulations:
The college reserves the right to enter rooms for inspection purposes. If the administration deems it necessary the room may be searched and the occupant required to open his personal baggage and any other personal material which is sealed.
442 F.2d at 286.
The court held Troy State University retained broad supervisory powers which permitted it to adopt the regulation; provided that the regulation was reasonably construed and was limited in its application to further Troy State University's function as an educational institution. In limiting the regulation's application, the court held it could not *206 be construed or applied so as to give consent to a search for evidence for the primary purpose of a criminal prosecution. Otherwise, the regulation itself would constitute an unconstitutional attempt to require a student to waive his protection from unreasonable searches and seizure as a condition to his occupancy of a college dormitory. Piazzola v. Watkins, 442 F.2d at 289.
Although Troy State University's regulation was upheld as constitutional, the wording of its regulation is clearly different from Southern's regulation. The regulation utilized by Southern University clearly authorizes police involvement in the entry and search of the dormitory rooms. With police routinely assisting in the entry and search of a dormitory room, there are no factors which would characterize such an intrusion as a benign "administrative" search. See Smyth v. Lubbers, 398 F.Supp. at 788.
In Smyth v. Lubbers, 398 F.Supp. 777, Grand Valley State College (Grand Valley) defended the constitutionality of its housing regulation which in part, authorized residence hall staff members to enter and search a dormitory room, if college officials had "reasonable cause" to believe students were continuing to violate federal, state, or local laws, or Grand Valley regulations. See Smyth v. Lubbers, 398 F.Supp. at 782. Grand Valley defined "reasonable cause" as more than a mere suspicion, but less than probable cause. Smyth v. Lubbers, 398 F.Supp. at 790.
Grand Valley asserted its regulation was essential to the maintenance of order and discipline on school property and was constitutionally reasonable, even though such regulation infringed on the outer limits of the students' constitutional rights. Smyth v. Lubbers, 398 F.Supp. at 789. Grand Valley contended it could utilize warrantless police searches of student dormitory rooms on less than probable cause, a method which is not available to federal and state law enforcement agencies. See Smyth v. Lubbers, 398 F.Supp. at 789.
The court found that while Grand Valley had an important interest in enforcing drug laws and regulations, and a duty to do so, it did not have such a special characteristic or such a compelling interest as to justify setting aside the usual rights of privacy enjoyed by adults. Smyth v. Lubbers, 398 F.Supp. at 790. The failure of the Grand Valley regulation to require there be "probable cause" to justify a room search rendered the regulation constitutionally invalid. Smyth v. Lubbers, 398 F.Supp. at 791.
Likewise Southern asserts that its interest in eliminating weapons and drugs from the educational environment makes its regulation constitutionally permissible. However, we note society as a whole shares this interest with Southern University. Yet, our law enforcement agencies do not have the authority to sweep entire residential areas without a warrant. This is the very essence of the Fourth Amendment protection.
Southern University has many ways to promote the safety interests of students, faculty and staff without the use of warrantless police searches. Where individuals are using or selling marijuana or where weapons have become a threat so as to provoke complaints from the dormitory residents, the alleged offender may be charged and the complaining witnesses may testify against the individual, or Southern may secure a search warrant. See Smyth v. Lubbers, 398 F.Supp. at 790.
We agree with the court in Morale v. Grigel, 422 F.Supp. 988, that a check of a student's dormitory room is unreasonable under the Fourth Amendment unless Southern University can show that the search furthers its functioning as an educational institution. Southern University's housing regulation, as written, clearly authorizes unconstitutional searches. The search must further an interest that is separate and distinct from that served by Louisiana's criminal laws. See Morale v. Grigel, 422 F.Supp. at 998.
We reject Southern University's argument that by agreeing to the provisions of the housing contract, students consent to the dormitory sweeps. The state, in operating a public school system of higher education, cannot condition attendance at one of its schools on the student's renunciation of his constitutional rights. Robinson v. Board of Regents of Eastern Kentucky University, 475 *207 F.2d 707, 709 (6th Cir.1973). We find the trial court properly held the regulation prima facie unconstitutional.

Dismissal of Winston DeCuir
In his Fifteenth Amended Petition, Devers asserted a cause of action against Winston DeCuir (DeCuir) in his individual capacity and his capacity as attorney for Southern University. According to Devers' allegations, DeCuir participated in the unlawful expulsion of Devers thereby wrongfully and unlawfully depriving Devers of his "Louisiana constitutional and statutory rights, civil rights and constitutional rights." Devers also claimed he was entitled to seek damages against DeCuir based on La. C.C. art. 2315, the doctrine of respondeat superior, and vicarious liability.
To be liable for deprivation of civil rights claims under 42 U.S.C.A. § 1983, a person must be either personally involved in the acts causing the alleged deprivation of constitutional rights or there must be a causal relationship between the act of that person and the constitutional violation sought to be redressed. See Lozano v. Smith, 718 F.2d 756, 768 (5th Cir.1983). Based on DeCuir's affidavit, he had no responsibility for policies and procedures of dormitory sweeps or disciplinary hearings. DeCuir also attended Devers' disciplinary hearing, but did not participate in the decision making process. It is clear from DeCuir's affidavit that he had no involvement in the actions of which Devers complains. Devers did not dispute the facts in DeCuir's affidavit. DeCuir is entitled to judgment as a matter of law dismissing him from any allegations regarding his role in depriving Devers of his constitutional rights.
As for Devers' allegation that DeCuir is liable for damages under the doctrine of respondeat superior or vicarious liability, it is well settled that theories of vicarious liability and respondeat superior do not apply to an action brought under 42 U.S.C.A. § 1983. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Furthermore, DeCuir's affidavit indicated he was neither employed by Southern University, nor did he employ any of the individual defendants named in the lawsuit.
The only causal relationship existing between DeCuir's conduct and Devers' expulsion is his activity of acting as an attorney for Southern University. A non-client cannot hold his adversary's attorney personally liable for either malpractice or negligent breach of a professional obligation. Penalber v. Blount, 550 So.2d 577, 581 (La.1989). Furthermore, there are no allegations that DeCuir's actions of providing legal advice to Southern University were intentionally calculated to deprive Devers of his rights. We find the trial court was correct in granting DeCuir's motion for summary judgment.

Dismissal of Sidney Matthews
Sidney Matthews was named as a defendant in Devers' Twenty-Third Amended petition. Devers sought damages from Matthews for allegedly falsely communicating to Devers' mother, Laverne Devers, that Patrick Devers had been arrested with a large quantity of drugs and cash on his person, causing her to suffer a stroke. However, on July 30, 1996, Laverne Devers and Charles Devers' claims were dismissed by the trial court. Devers' petition contains no remaining allegations that Sidney Matthews did any action that would cause damages to Patrick Devers; thus Matthews was properly dismissed.
Although Devers' counsel raises the issue that he was not properly served with the motion for summary judgment, we find that issue has no merit. On August 19, 1996, pursuant to a motion filed by Southern University, the trial court ordered that all future service of legal documents be made by mail to plaintiff's counsel, Bernard Hardy. The motion for summary judgment contains the proper certificate of service; thus we find this issue to be without merit.

Dismissal of Patrick Fontenot
Although Devers assigned the dismissal of Patrick Fontenot in his assignment of errors, because the issue was not briefed, it is considered abandoned. Louisiana Uniform RulesCourts of Appeal, Rule 2-12.4.

*208 Dismissal of Judiciary Committee Members
The trial court granted the motions for summary judgment filed on behalf of Melvin Robinson, Leeta Haynes, Roland DeRouen, Myrtle Joiner, and Jarmeca Norris, who served on the Southern University Judiciary Committee, which heard the disciplinary case against Devers. The members of the Judiciary Committee found Devers guilty of violating the student code of conduct and recommended that he be expelled.
Devers argues in brief that he stated a cause of action under LSA-C.C. art. 425, which provides:
It is the duty of the judge to visit the person interdicted, whenever from the information he receives, he shall seem it expedient.
The visit shall be made at times when the curator is not present.
Other than alleging he stated a cause of action under LSA-C.C. art. 425, Devers does not indicate how such a cause of action exists. LSA-C.C. art. 425 has no relevance to the case sub judice. Devers complained in his various petitions that these members participated in his "unlawful expulsion"; however, we find that since Devers' expulsion was reduced to a one semester suspension, any claims he had against the Judiciary Committee members have been settled.

NO CAUSE OF ACTION
In deciding whether a petition states a cause of action, a court must accept the facts alleged in the petition without reference to any extraneous supporting or controverting evidence. LSA-C.C.P. art. 931; Montalvo v. Sondes, 93-2813, pp. 5-6 (La.5/23/94); 637 So.2d 127, 131. The court must accept well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Montalvo v. Sondes, 637 So.2d at 131; Everything on Wheels Subaru, Inc., v. Subaru South, 616 So.2d 1234, 1235 (La. 1993); Kuebler v. Martin, 578 So.2d 113, 114 (La.1991). However, Louisiana retains a system of fact pleading. LSA-C.C.P. art. 854, official revision comment (a). The mere conclusion of the pleader unsupported by facts does not set forth a cause or right of action. Montalvo v. Sondes, 637 So.2d at 131; Latham v. Latham, 216 La. 791, 44 So.2d 870, 871 (1950); In re Phoenix Building & Homestead Association, 203 La. 565, 14 So.2d 447, 451 (1943).
Louisiana subscribes to the traditional, majority view that an attorney does not owe a legal duty to his client's adversary when acting on his client's behalf. A non-client, therefore, cannot hold his adversary's attorney personally liable for either malpractice or negligent breach of a professional obligation. Montalvo v. Sondes, 637 So.2d at 130. The intent of this rule is not to reduce an attorney's responsibility for his or her work, but rather to prevent a chilling effect on the adversarial practice of law and to prevent a division of loyalty owed to a client. Montalvo v. Sondes, 637 So.2d at 130; Penalber v. Blount, 550 So.2d at 581. Although Penalber re-affirmed the basic premise that an attorney acting on behalf of his client may not be sued by an adversary based on negligence or malpractice, Penalber did allow a cause of action against an attorney based on intentional tort. Montalvo v. Sondes, 637 So.2d at 130.

Dismissal of Linda Law Clark
Linda Law Clark is an attorney of record representing defendant, Southern University. Thus, she cannot be sued by Devers for negligence or malpractice. After reviewing Devers' Amended and Revised Petition, we find it fails to allege facts sufficient to state a cause of action in intentional tort. Devers' allegations that Clark made "misrepresentations" at a hearing are mere conclusions unsupported by facts, because he does not specify what specific misrepresentations were actually made. Paragraph 116 does allege Clark "intentionally ... engaged in malicious prosecution of [Devers]", however, we find this allegation is also a conclusion unsupported by facts. Since the facts alleged in the petition are not sufficient to give rise to an intentional tort, the trial court was correct in sustaining the peremptory exception raising the objection of no cause of action.

*209 Dismissal of Attorney General and Louisiana Department of Justice
The sole allegation against the Attorney General and the Louisiana Department of Justice is that they "either approved the policy ... knew ... and/or permitted the searches to continue." There is no allegation that the Attorney General or the Louisiana Department of Justice intentionally acted to deprive Devers of his rights. Devers' petition fails to allege any intentional tort allegations; thus we find the trial court properly granted the exception of no cause of action dismissing the Attorney General and the Louisiana Department of Justice.

INTERLOCUTORY JUDGMENTS
Judgments are either interlocutory or final, and the distinction between the two is that a judgment that determines "the merits in whole or in part" is a final judgment, whereas a judgment that decides only preliminary matters in the course of the action is an interlocutory judgment. Brennan v. Shell Offshore, Inc., 93-1525, p. 4 (La.App. 4th Cir. 3/29/94); 635 So.2d 429, 431. An appeal may be taken from a final judgment or from an interlocutory judgment which causes irreparable injury. LSA-C.C.P. art. 2083; Lawrence v. Gupta, 527 So.2d 1112 (La.App. 1st Cir.), writ denied, 532 So.2d 750 (La.1988). Interlocutory judgments rendered during the progression of a suit may be reviewed in the appeal of the final judgment in the suit. People of the Living God v. Chantilly, 251 La. 943, 207 So.2d 752, 753 (La.1968).

Denial of Devers' Motion for Summary Judgment
The trial court denied Devers' motion for summary judgment seeking liability for injuries and damages he suffered as a result of the deprivation of his Fourteenth Amendment constitutional due process rights by Gerald Peoples, Melvin Robinson, Roland DeRouen, Myrtle Joiner, Leeta Haynes, Jarmeca Norris, Joseph Broaden, Kevin Jefferson, Jarod Alcorn, and Southern University. However, no appeal lies from the denial of a motion for summary judgment. LSA-C.C.P. art. 968, Thomas v. Albertsons, Inc., 28,950, p. 2 (La.App. 2nd Cir. 12/11/96); 685 So.2d 1134, 1136, writ denied, 97-0391 (La.3/27/97); 692 So.2d 395. A trial court's overruling a motion for summary judgment is an interlocutory judgment, causing no irreparable injury, which can only be appealed with the final judgment in the case. Thomas v. Albertsons, Inc., 685 So.2d at 1136.
We note the summary judgment which was granted in this matter pertaining to the constitutionality of Southern University's dormitory sweep policy did not dispose of the full merits of this case. The trial court did not rule on any liability or damage issue. Thus, this assignment of error is not properly before us. See Dennis v. Finish Line, Inc., 93-0638, p. 4 (La.App. 1st Cir. 3/11/94); 636 So.2d 944, 946, writ denied, 94-1652 (La.10/7/94); 644 So.2d 636.

Denial of Motion to Lift Discovery Restrictions
Devers complains of the trial court's action of limiting his interrogatories for twenty defendants to a single set of fifteen identical interrogatories. We note this discovery issue is not the proper subject of an appeal as we find Devers has made no showing of irreparable injury. We agree with the trial court's remark at the October 21, 1996 hearing that "[t]his is a simple case that has been papered to death." It is hornbook law that regulation of discovery is subject to the broad discretion of the trial court. See Amoco Production Co. v. Columbia Gas Transmission Corp., 455 So.2d 1260, 1265 (La.App. 4th Cir.), writ denied, 459 So.2d 542 (La.1984).

Denial of Motion to Compel Discovery and Sanction Appellants
Devers appeals the denial of his September 9, 1996 motion to compel discovery by defendants and for sanctions. Denial of a rule to compel discovery is a nonappealable interlocutory judgment, absent a showing of irreparable injury. See Jowers v. State, through Department of Health and Hospitals, 610 So.2d 841, 842 (La.App. 1st Cir.1992). Devers complained that he served discovery upon the defendants *210 over a year prior to the date he filed his motion. However, the record reveals, by judgment dated October 23, 1995, Devers was ordered to reduce and re-serve his interrogatories and requests to number fifteen. Yet, Devers has not shown his compliance with this court order. Devers has made no showing of irreparable harm; thus, this issue is not properly before the court.

Denial of Sanctions Against Winston Decuir, Linda Law Clark, and David G. Sanders
Devers filed a Rule for Contempt on October 3, 1996. The rule alleged DeCuir, Clark, and Sanders were guilty of constructive contempt of court under LSA-C.C.P. arts. 224(4), (10), and 225.[6] The basis of Devers' rule was his allegation that DeCuir and Clark made misrepresentations to the trial court at a hearing on April 17, 1995. Our review of the record reveals Devers' allegations for contempt are related to Devers' allegations regarding his removal from the Southern University campus on March 28, 1995, after the March 27, 1995 order by the trial court staying his expulsion until the outcome of the Southern University Judiciary Committee hearing.
Devers also asserts the pleadings filed by Clark and Sanders requesting dismissal of the litigation against the Judiciary Committee defendants either for administrative finality, or because compromise and settlement had been reached by the parties for the wrongful expulsion portion of the case, are sanctionable because these pleadings are repetitious.
The denial of sanctions is a nonappealable interlocutory judgment. Devers has made no showing of irreparable harm; thus the issue is not properly before this court. We also note the trial judge is vested with great discretion in determining whether a party should be held in contempt for disobeying a court order. Estate of Graham v. Levy, 93-0134, 93-0636, pp. 4-5 (La.App. 1st Cir. 4/8/94); 636 So.2d 287, 290.

Denial of Motion to Disqualify Decuir and Clark
Devers filed a motion seeking to have Winston DeCuir, Linda Law Clark and the firm of DeCuir & Clark, which represents Southern University, disqualified from the case on the basis DeCuir and Clark were named defendants and potential witnesses. Because DeCuir and Clark have both been dismissed as defendants from the lawsuit, the objection is moot. However, Devers has made no showing that he will suffer any irreparable harm by allowing DeCuir and Clark to continue to represent Southern University, although they may be called as witnesses in the case. Because there has been no showing made by Devers of irreparable harm, this is not an appealable judgment.

CONCLUSION
Based on the above and foregoing reasons, we find the trial court correctly held the Southern University dormitory regulation pertaining to police searches prima facie unconstitutional. We also find the trial court properly dismissed Linda Law Clark, Winston *211 DeCuir, Sidney Matthews, Melvin Robinson, Leeta Haynes, Roland DeRouen, Myrtle Joiner, Jarmeca Norris, the Attorney General of Louisiana, and the Louisiana Department of Justice from this lawsuit. The rulings of the trial court insofar as these issues are affirmed, and all costs of the appeal in the amount of $1,643.14 are assessed equally between Southern University and Patrick Devers.
AFFIRMED.
*212
 APPENDIX A
 Nineteenth Judicial District Court
 Parish of East Baton Rouge 
 State of Louisiana
 Number: 415,413 Division: A
 PATRICK N. DEVERS
 versus
 SOUTHERN UNIVERSITY AND A & M COLLEGE, et al.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 JUDGMENT
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 This matter came on for hearing pursuant to regular assignment of plaintiff's
motion for summary judgment on the constitutionality of the dormitory sweep regulation
at Southern University. Present in Court, were mover, Patrick Devers, represented by his
Attorney, Bernard J. Hardy, Esq.; and the respondents, through their Attorneys, Linda law
Clark, Esq., David Sanders, Esq. and Winston DeCuir, Esq. After examining documents
and pleadings submitted to the Court by legal counsel for both parties and hearing the
arguments of counsels, the law and the evidence being in favor thereof:
 It is Ordered, Adjudged and Berreed, that the policy or regulation of
Southern University which authorizes university dormitory directors, assisted by police
officers, to search student dormitory rooms based on a residential lease agreement which
purports to waive students consent to the warrantless searches, without the existence of
probable cause, or consent from the room occupants, is prima facie unconstitutional and
violates the Fourth Amendment U.S. Constitutional Rights of Students residing on the
campus of Southern University.
 Judgment Rendered on open Court this 21st day of October, 1996, a Baton
Rouge, Louisiana.
 Judgment Read and Signed, this day of October, 1996, at Baton
Rouge, Louisiana.
 
*213
PATRICK DEVERS NUMBER: 416,026
VERSUS 19TH JUDICIAL DISTRICT COURT
 PARISH OF EAST BATON ROUGE
SOUTHERN UNIVERSITY
AND A & M COLLEGE STATE OF LOUISIANA
 CONSOLIDATED WITH
PATRICK DEVERS NUMBER: 415,413
 19TH JUDICIAL DISTRICT COURT
VERSUS
SOUTHERN UNIVERSITY PARISH OF EAST BATON ROUGE
AND A & M COLLEGE STATE OF LOUISIANA 
 JUDGMENT
 
 This matter came to be heard before this Court on Monday, October 21, 1996.
Present in Court were Winston G. DeCuir and Linda Law Clark, counsel for Southern
University; David G. Sanders, counsel for the Attorney General of Louisiana and the
Department of Justice; Charles Andrew O'Brien, counsel for James Jesse Monroe;
Bernard Hardy, counsel for Patrick Devers.
 Considering the pleadings, evidence and arguments of counsel therein;
 IT IS HEREBY ORDERED that defendant, Grambling State University's exception
of no right of action is hereby granted and its exception of lack of procedural capacity
is herein mooted by the dismissal of Grambling State University as a defendant by
plaintiff and costs are assessed against plaintiff.
 IT IS FURTHER ORDERED that defendants exception of no cause of action filed
by the Attorney General of Louisiana and the Department of Justice is hereby granted
dismissing these defendants with prejudice and costs are assessed against plaintiff.
 IT IS FURTHER ORDERED that counsel Linda Law Clark, named as defendant,
exceptions of no cause of action, no right of action and improper joinder is hereby
granted dismissing the defendant with prejudice and costs are assessed against
plaintiff.
 IT IS FURTHER ORDERED that the defendant's motion for summary judgment
dismissing defendants Sidney Matthews, Patrick Fontenot, Melvin Robinson, Leeta
Haynes, Jarmeca Norris, Roland DeRouen and Mrytle Joiner is herein granted
dismissing these defendants with prejudice and costs are assessed against plaintiff.
*214
 IT IS FURTHER ORDERED that the motion for summary judgment dismissing
Winston G. DeCuir is hereby granted dismissing this defendant with prejudice and the
motion to sever Winston G. DeCuir is mooted per dismissal under summary judgment
with costs assessed against plaintiff.
 IT IS FURTHER ORDERED that plaintiff's motion to recuse counsels Winston G.
DeCuir and Linda Law Clark of DeCuir & Clark from appearing as counsel of this
matter because they are either named defendants and/or witnesses is herein denied
and costs are assessed against plaintiff.
 IT IS FURTHER ORDERED that plaintiff's motion requesting sanctions against
Winston G. DeCuir, Linda Law Clark and David G. Sanders for conduct in this matter
is herein denied and costs are assessed against plaintiff.
 IT IS FURTHER ORDERED that Defendants' motion for summary judgment for
Press Robinson is herein denied and costs are assessed against defendants.
 IT IS FURTHER ORDERED that defendants' motion to set aside the preliminary
defaults entered in case 19th JDC # 416,026 and against defendant Jesse James
Monroe, the Attorney General and the Department of Justice in 19th JDC # 415,413
are denied and costs asessed against defendants.
 IT IS FURTHER ORDERED that the defendant' motion to dismiss the amended
pleadings for non compliance with C.C.P. Article 1151 is denied and costs asessed
against defendants.
 IT IS FURTHER ORDERED that plaintiff's motion for summary judgment for
liability of defendants and violation of due process is herein denied and costs asessed
against plaintiff.
 IT IS FURTHER ORDERED that plaintiff's motion for summary judgment on the
constitutionality of the dormitory sweep policy is granted and the policy is herein
declared unconstitutional on its face and cost asessed against defendant. Parties are
provided 30 days to take writs to the First Circuit Court of Appeal in this matter. All
matters, timelines and actions are stayed.
 IT IS FURTHER ORDERED that all proceedings, deadlines, pleadings and actions
in this case are stayed until 30 days after the First Circuit Court of Appeal judgment
in this matter.
*215
 IT IS FURTHER ORDERED that in light of the running on Grambling State
University's exception of not right of action, the Board of Trustees for State Colleges
and Universities (named as a defendant in plaintiff's second amended revised petition)
is dismissed, with prejudice, at plaintiff's costs.
 IT IS FURTHER ORDERED that plaintiff's motion to compel discovery and
sanction defendants is denied with costs assessed against plaintiff. Defendants'
objections to interrogatories and discovery is stayed and both parties are to determine
what prior judgments restricted interrogatories and request for production to proceed
within 30 days of the First Circuit Court of Appeal rendering judgment.
 IT IS FURTHER ORDERED that plaintiff's motion to lift discovery restrictions is
denied with costs assessed against plaintiff.
 IT IS FURTHER ORDERED that defense counsel, Linda Law Clark, request to be
dismissed as lead counsel and have Winston G. DeCuir submitted as lead counsel in
this matter is herein granted.
 Rendered in open Court the 21st day of October, 1996. Read and signed in
chambers on the day of 1996.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Southern University filed an ex parte motion to dismiss Devers' appeal of issues under Louisiana Uniform RulesCourts of Appeal, Rule 2-8.4, arguing Devers did not answer the appeal. The motion is denied. Verification has been made that Devers did timely answer the appeal by filing an answer in the district court on December 12, 1996.
[3] 42 U.S.C.A. § 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....
[4] The record contains two judgments. The first judgment signed on October 28, 1996, granted Devers' motion for summary judgment declaring the dormitory sweep policy of Southern University unconstitutional. The second judgment signed on November 13, 1996, reflected all of the rulings of the trial court on pending motions and exceptions heard at the October 21, 1996 hearing. This duplicity of judgments is not encouraged.
[5] At the time the summary judgments were granted in the present case, LSA-C.C.P. art. 966 provided in pertinent part:

C. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.
* * * * * *
E. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
F. A summary judgment may be rendered on the issue of insurance coverage alone, although there is a genuine issue as to liability or the amount of damages.
G. Notwithstanding any other provision to the contrary, the burden of proof shall remain with the mover.
[6] LSA-C.C.P art. 224 provides in part:

A constructive contempt of court is any contempt other than a direct one.
Any of the following acts constitutes a constructive contempt of court:
(4) Deceit or abuse of the process or procedure of the court by a party to an action or proceeding, or by his attorney;
(10) Any other act or omission punishable by law as a contempt of court, or intended to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority, and which is not a direct contempt.
LSA-C.C.P. art. 225 provides in pertinent part:
A. Except as otherwise provided by law, a person charged with committing a constructive contempt of court may be found guilty thereof and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly. The rule to show cause may issue on the court's own motion or on motion of a party to the action or proceeding and shall state the facts alleged to constitute contempt....
B. If the person charged with contempt of court is found guilty the court shall render an order reciting the facts constituting contempt, adjudging the person charged with contempt guilty thereof, and specifying the punishment imposed.