486 So.2d 1206 (1986)
STATE of Louisiana
v.
Donald CLAUSE.
No. 86-KA-0064.
Court of Appeal of Louisiana, First Circuit.
April 15, 1986.
*1207 Before LOTTINGER, EDWARDS and JOHN S. COVINGTON, JJ.
EDWARDS, Judge.
Defendant's appeal from a juvenile court[1] judgment of conviction and sentence for criminal neglect of family was dismissed by this court as not appealable. Defendant now applies for a rehearing, contending the dismissal was in error because the matter is appealable under La. Const. Art. V, § 10(A)(2). We disagree.
La.Const. Art. V, § 10(A) provides
Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of (1) all civil matters, (2) all matters appealed from family and juvenile courts, and (3) all criminal cases triable by jury, except as provided in Section 5, Paragraph (D)(2) of this Article. It has supervisory jurisdiction over cases which arise within its circuit.
Section (2) does not provide that all judgments from a juvenile court are appealable. If it were so interpreted, even an interlocutory judgment of narrow effect (e.g., on a discovery matter) would have to be considered as appealable. Rather, the provision simply provides that the Courts of Appeal have appellate jurisdiction over those judgments which are appealed from a juvenile court. In order to determine which juvenile court judgments are appealable, we must look to legislative enactments.
La.C.J.P. art. 97 provides for appeals only in cases adjudicating a child to be delinquent, in need of supervision, or in need of care, and then only from a judgment of disposition. This code does not address the issue of review of a judgment of conviction and sentence of an adult for criminal neglect of family. Therefore, we must turn to the Code of Criminal Procedure. See La.C.J.P. art. 24(1) and La.C. Cr.P. art. 15A.
While La.C.Cr.P. art. 912C provides that a defendant may appeal a judgment imposing sentence, La.C.Cr.P. art. 912.1B further limits a defendant's right to appeal to cases triable by jury. Since the potential sentence in the instant case, under La.R.S. 14:74, did not exceed imprisonment for six months or a fine over $500, this case was not triable by jury. See La.Const. Art. I, § 17; La.C.Cr.P. art. 779. Therefore, the judgment at issue herein is not appealable; and the appeal was properly dismissed.
*1208 Defendant alternatively asks that the appeal be considered as an application for writs. We deny this request because the appeal does not comply with Rule 4, Uniform RulesCourts of Appeal.[2] Defendant may file a proper application for writs in compliance with Rule 4.
For the foregoing reasons, the application for rehearing and defendant's request that his appeal be considered as an application for writs are both denied.
DENIED.
NOTES
[1] In this matter, the Twenty-First Judicial District Court was sitting as a juvenile court. See La.C.J.P. arts. 14B and 16A(1) and (3).
[2] For example, the appeal process does not provide this court with sufficient copies of the record and does not require service thereof on the respondent judge or opposing counsel. Moreover, it is much less onerous a task for defense counsel to appeal a nonappealable judgment and request that it be considered as a writ application than it is for him to prepare a proper writ application. For an appeal, the district court clerk must prepare the record. Consideration of "appeals" of non-appealable judgments as writ applications would encourage such a practice to the detriment of the already overburdened district court clerks.