Dear Mr. Olsen:
You requested an opinion from our office concerning whether the advertising practices of All American, presently owned by Louis Moran, are in violation of La. R.S. 51:1405 as far as its use of the words "Since 1945" in advertising the business. As we appreciate them, the facts and circumstances surrounding the advertising in question are as follows:
 In 1945, Mr. Moran's father established "All American Roofing Company," operated in Louisiana until early 1950's, not having been incorporated. In 1983, Mr. Moran's aunt operated the business in the same name and later transferred the business to the current owner, Louis Moran. Mr. Moran continued to operate the business and incorporated the business in 1988 in the name of "All American."
Further, in 1989, Mr. Moran acquired an entity named "PM Roofing and Siding, Inc." which had been in continuous operation since 1945. By authentic act, the right to advertise that the entity had been operating since 1945 was specifically assigned to Mr. Moran by the previous owner of the entity.
Mr. Moran is acquiring or may have acquired by this time, "A-1 Plumbing and Electric," an unincorporated business which also has been operating continuously since 1945. The right to advertise that fact was also assigned to Mr. Moran.
La. R.S. 51:1405 prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The statute provides that the Attorney General may make rules and regulations interpreting the provisions of Louisiana's Unfair Trade Practices and the Consumer Protection Law consistent with the provisions of La. R.S. 51:1 through 51:461.1 (Trade and Commerce laws).
La. R.S. 51:411 prohibits advertisements containing "any assertion, representation, or statement of fact which is untrue, deceptive, or misleading." The present rules and regulations which have been adopted by the Attorney General pursuant to La. R.S. 51:1403 do not address the criteria to determine whether an advertisement is untrue, deceptive, or misleading.
The Fifth Circuit has ruled that a consumer bears the burden of showing, in an action pursuant to an alleged violation of La. R.S. 51:1401 et. seq., that a store owner has engaged in misrepresentation or deceit. Pizzalato v. Hoover Co., 486 So.2d 124
(La.App. 5th Cir. 1986), writ denied, 488 So.2d 202 (1986).
In this case, Judge Bowes quoted from Dufau v. Creole Engineering, Inc., 465 So.2d 752 (La.App. 5th Cir. 1985), writ denied 486 So.2d 1207 (La. 1985), stating "[t]he definition of unfair trade practices is left up to the courts. In Coffey v. Peoples Mortgage Loan of Shreveport, Inc., 408 So.2d 1153
(La.App. 2nd Cir. 1981) the court stated: `A practice is unfair when it offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." 486 So.2d at 127. An advertising practice may not be deceptive, but nonetheless "unfair." See T.T.C. v. Sperry and Hutchinson Company, 92 S.Ct. 898, 905 n. 5 (1972).
The question of whether the use of "Since 1945" in advertising All American is unfair, untrue, deceptive, or misleading is a question of fact to be determined by a court of law. Therefore, your request is beyond the scope of an opinion request and turns on questions of facts.
If you have any questions or if I can assist you further, please contact me at 504-342-9638.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: TAMERA R. VELASQUEZ Chief, Consumer Protection
TRV/yb