Dear Mr. Cheramie:
You have requested an opinion of this office as to whether the practice of adjusting or replacing the primary meter or used photocopies to reflect fewer copies than have actually been made is illegal in Louisiana, and if so, what procedures should be followed to prevent such practice.
Louisiana's criminal statutes do not prohibit tampering with used copier meters, in particular; however, our criminal statutes do prohibit tampering with odometer meters on used vehicles. La. R.S. 32:726.1.
Robert C. Goldberg, Attorney for National Office Machine Dealer's Association (NOMDA), and author of "Legal Viewpoint" for the Spokesman, notes that most states do have criminal statutes prohibiting tampering with odometers and/or removal or alteration of "numbers" or machinery which in most cases were intended for the automobile industry, but are often construed to cover objects such as copier meters as well.
By comparison, the State of Oklahoma has passed legislation prohibiting alteration, removal or change of any "distinguishing or identification number or mark, on or from any machine (emphasis added) . . . and thereafter [sale or resale] . . . the same in such condition" and makes such practice a misdemeanor. OSA 21 Section 1546.
Our research indicates that reported litigation in Louisiana has yet to address copy meter tampering. However, the Attorney General's Office for the State of Washington has prosecuted an alleged illegal practice of replacing copier meters and serial numbers on copiers. State of Washington v. Wittco Systems, Inc., No. 91-2-23641 (Superior Court King City. Filed October 22, 1991).
Wittco Systems, Inc. Wittco is in the business of leasing commercial copiers where upon termination of the lease, four employees were engaged in adjusting or replacing the photocopier meters to reflect fewer copies than actually produced by the used copiers. Allegedly, they were also changing serial numbers. The Superior Court in and for King County, Washington, by consent decree, without construing an admission of Guilt by the defendant, determined inter alia that such practice by the Wittco employees resulted in (1) sales to consumers of machines which often performed poorly, were often out of service and required many more repair visits than normally expected of less-used machines the consumers thought they had purchased, and (2) fraudulent enticement of consumers to "upgrade" to a newer, more expensive copier, when the used copier purchased could not be repaired efficiently. Accordingly, the Washington court enjoined and permanently restrained Wittco from engaging in such practices, and further required Wittco to:
 1. Pay a civil penalty of $10,000, court costs and attorney fees of $29,340, and a consumer restitution penalty to 56 named consumers in an amount to be determined by an expert experienced in the copier industry; pay an additional amount equal to 2.1 times the amount so determined by the expert, into a trust for the benefit of non-profit charitable organizations involved with crime prevention and aid to crime victims;
 2. In lieu of the trust, donate equipment, valued at 2.1 times the amount determined by said expert in (1) above, to non-profit organizations in workable order, in good condition, and free of defects; if any donated equipment is out of service twice or more during a two-week period, it must be replaced on request of the organization;
 3. Make accurate disclosures regarding rental, lease or sale of any used photocopier reflecting a meter reading in excess of 5,000 copies; maintain such records for three years; provide each consumer, at time of delivery, a written delivery slip specifying the number of copies made on the used copier.
The Wittco litigation was prosecuted under the Revised Code of Washington 19:86.020 entitled "unfair competition, practices, declared unlawful," which states simply that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."
Identical to RCW 19.86.020 is La. R.S. 51:1405 (A), which also declares "[U]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."
As Goldberg of NOMDA has written, "[c]learly tampering with meters and serial numbers is an area to avoid. Every state has a consumer fraud statute and thus could bring an action for similar conduct."
The Fifth Circuit has ruled that a consumer bears that burden of showing, in an action pursuant to Louisiana's Unfair Trade Practices and Consumer Protection Law, that the business complained of that engaged in misrepresentation or deceit. Pizzalato v. Hoover Co., 486 So.2d 124 (La.App. 5th Cir. 1986), writ denied, 486 So.2d 1207 (La. 1985), "[t]he definition of unfair trade practices is left up to the courts."
In Coffey v. Peoples Mortgage Loan of Shreveport, Inc.,408 So.2d 1153 (La.App. 2nd Cir. 1981) the court determined that a practice is unfair when it "offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Id. at 1156.
It is the opinion of this office that the practice of adjusting or replacing used copier meters to reflect less copies than the machine has actually made is in violation of La. R.S.51:1405 (A).
Provisions to restraining acts prohibited under La. R.S.51:1401, et. seq., are contained therein.
If this office may be of further assistance, please do not hesitate contacting us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: TAMERA R. VELASQUEZ Chief, Consumer Protection
TRV/yb