|2FOGG, Judge.
This court, noting an apparent jurisdictional defect, issued an order directing the parties to show cause why this appeal should not be dismissed because the judgment appealed is an interlocutory judgment.
The Woodland’s Homeowner’s Association, Inc. filed a petition seeking to have Debbie Arvello, the owner of one of the condominiums in the Woodlands Development, enjoined from keeping cats at the condominium complex. The defendant answered the petition with a general denial. On May 10, 1995 the plaintiff filed a motion and order to compel discovery. Thereby the plaintiff sought access to the land and dwelling of the defendant to conduct an inspection. After hearing the matter, the trial court rendered judgment in favor of the plaintiff ordering the defendant to give the plaintiff access to her land and dwelling for the purpose of inspection upon reasonable notice being provided by the plaintiff. Arvello appealed that judgment. The Woodland’s Homeowners Association answered the appeal.
An appeal may be taken from a final judgment or from an interlocutory judgment which caused irreparable injury. LSA-C.C.P. art.2083. A judgment on a motion to compel discovery is interlocutory in nature. Jowers v. State Through Dept. of Health and Hospitals, 610 So.2d 841 (La.App. 1 Cir. 1992).
Appellant contends that the ruling at issue should be considered as an appealable interlocutory judgment under LSA-C.C.P. art.2083 because it causes irreparable injury. The test for determining whether an interlocutory judgment may cause irreparable harm is whether the error will have such an effect on the merits of the case that the appellate court cannot correct an erroneous decision on the merits. Miller v. Upjohn Co., 461 So.2d 676 (La.App. 1 Cir.1984).
The judgment in this case does not cause irreparable injury. |3The alleged error at issue will not prevent this court from correcting an erroneous decision on the merits at a later date. Therefore, this is a nonap-pealable interlocutory judgment.
Review of this judgment is properly taken under this court’s supervisory jurisdiction. However, this court does not convert appeals into writ applications. See State v. Clause, 486 So.2d 1206 (La.App. 1 Cir.1986). Therefore, the parties are given thirty days from the date of this action to file an application for writs which fully complies with Rule 4, Uniform Rules — Courts of Appeal. We note that this action must be included in the writ application for compliance with Rule 4-3, Uniform Rules — Courts of Appeal.
For these reasons, the appeal and the answer to the appeal are dismissed. Costs are assessed against the appellant.
APPEAL DISMISSED.