734 So.2d 155 (1999)
Judith D. BEAUMONT
v.
EXXON CORPORATION.
No. 98-CA-1239.
Court of Appeal of Louisiana, Fifth Circuit.
April 27, 1999.
Michael R. Allweiss, Marynell L. Piglia, New Orleans, LA, for Plaintiff-Appellant.
Gregory C. Weiss, Stephen R. Barry, New Orleans, LA, for Defendant-Appellee.
Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr. and SUSAN M. CHEHARDY.
DUFRESNE, Judge.
This is an appeal by Judith Beaumont, a workers' compensation claimant, from an interlocutory ruling in her claim against Exxon Corporation and Petroleum Casualty Corporation, defendants. Because the ruling complained of is not a final judgment, this court lacks appellate jurisdiction over the matter. The appeal must therefore be dismissed.
The pertinent procedural facts of this matter are as follows. Claimant was injured in an automobile accident while employed by Exxon. She apparently recovered damages from the third-party tortfeasor, and also received some form of disability payments from Exxon and its insurer, Petroleum Casualty. She was eventually fired from her job, allegedly because she was not able to perform *156 it due to her injuries. At some point she initiated a workers' compensation claim.
In response to that claim the defendants urged a motion for summary judgment asserting that 1) claimant settled the third-party tort suit without properly informing the employer, thus terminating her right to workers' compensation, and 2) she has already been paid, in lieu of workers' compensation, long term disability benefits pursuant to a private plan maintained by Exxon which exceed any compensation payments which might be due. The workers' compensation judge issued an order which granted defendant a credit of $150,000 against any compensation award which might later be found to be owing at trial of the case, but deferred all other issues to trial on the merits. The claimant has now appealed that judgment.
The law is clear that under the Workers' Compensation Act only final judgments which adjudicate the entire claim are appealable. In Smith v. UNR Home Products, 614 So.2d 54 (La.1993), the court stated:
LSA-R.S. 23:1310.5 contemplates an appeal from a final decision by the hearing officer upon completion of the required evidentiary hearing or hearings. Piecemeal appeals go counter to the new workers' compensation procedures which are designed to allow the hearing officer to "decide the merits of the controversy as equitably, summarily and simply as may be." LSA-R.S. 23:1317(A). The new procedures are designed to speed up the adjudicative process, not to prolong and complicate it by partial judgments and multiple appeals.
In the present case, the judgment here is not final in that the essential issues of the case, i.e. whether claimant is entitled to compensation and in what amount, remain undecided. Further, because that judgment is interlocutory in nature, it is subject to amendment or reversal by the hearing judge at any time prior to rendition of a final judgment in the case. It is thus not an appealable final judgment.
For the foregoing reasons, this appeal is hereby dismissed, and the matter is remanded to the Office of Workers' Compensation for further proceedings.
DISMISSED AND REMANDED.