804 So.2d 965 (2001)
Linda S. DANIELS
v.
HANCOCK FABRIC STORE and ABC Insurance Company.
No. 2000 CA 2556.
Court of Appeal of Louisiana, First Circuit.
December 28, 2001.
Benn Hamilton, Baton Rouge, LA, for plaintiff-appellee, Linda S. Daniels.
Craig J. Fontenot, Baton Rouge, LA, for defendant-appellant, Hancock Fabric Store.
*966 BEFORE: WHIPPLE, FOGG, and GUIDRY, JJ.
GUIDRY, Judge.
In this slip and fall action, the defendant, Hancock Fabrics, Inc. (Hancock) appeals a judgment of the city court denying its motion for summary judgment. At the specific request of counsel for defendant, the court certified the judgment as final.[1] At oral argument in this matter, the parties were given five days to file supplemental briefs on the limited issue of the appealability of the judgment denying defendant's motion for summary judgment. In response, defendant filed a motion to convert the appeal into an application for supervisory writs. Because we find the trial court erred as a matter of law in certifying the judgment as final, the appeal is dismissed. Further, we note that the judgment was erroneously certified as final at the specific request of counsel for the defendant. Thus, for the reasons that follow, the motion to convert the appeal is denied.
The denial of a motion for summary judgment, which does not determine the merits but only preliminary matters in the course of an action, is an interlocutory judgment. See La.C.C.P. art. 1841. An appeal may not be taken from an interlocutory judgment in the absence of a showing of irreparable injury. See La.C.C.P. art. 2083. (In this case, irreparable injury is not even alleged.) Louisiana Code of Civil Procedure article 1915 B, relied on by the appellant in seeking to have the judgment certified as final, allows the trial court to certify an otherwise interlocutory judgment as final after an express determination that there is no just reason for the delay. However, art. 1915 B applies only "when a court renders a partial judgment or partial summary judgment ... as to one or more but less than all of the claims, demands, issues, or theories." (emphasis added). The judgment in this case denying Hancock's motion for summary judgment is not a partial judgment or partial summary judgment. Thus, article 1915 B is wholly inapplicable. As such, the court had no authority to designate an interlocutory judgment as final for the purposes of appeal.
Review of this judgment is properly taken under this court's supervisory jurisdiction. However, this court generally does not convert appeals into writ applications. See Woodlands Homeowner's Association, Inc. of Hammond v. Arvello, 96-0517 (La. App. 1 Cir. 12/20/96), 694 So.2d 386; State v. Clause, 486 So.2d 1206 (La.App. 1 Cir. 1986). Therefore, defendant's motion to convert this appeal into an application for supervisory writs is denied; it may file an application for writs which fully complies with Rule 4, Uniform RulesCourts of Appeal.
For these reasons, the appeal is dismissed. Costs are assessed to Hancock.
APPEAL DISMISSED.
NOTES
[1] Upon rendering of the judgment, the following colloquy occurred:

THE COURT:
... so the Court will deny the Motion for Summary Judgment.
MR HAMILTON:
Thank you, Your Honor.
MR. FONTENOT:
Pursuant to Article 1915, I'd ask that the judgment be certified as final.
THE COURT:
Yes, sir, we will. Thank you.