803 So.2d 1150 (2001)
Tabatha A. HUGHES
v.
ALBERTSON'S, INC.
No. 2000 CA 2542.
Court of Appeal of Louisiana, First Circuit.
December 28, 2001.
*1151 Paul R. Matzen, Baton Rouge, LA, for plaintiff-appellant, Tabatha A. Hughes.
Shelly D. Dick, Amanda G. Clark, Baton Rouge, LA, for defendant-appellee, Albertson's, Inc.
BEFORE: CARTER, C.J., PARRO, J., and CLAIBORNE, J. Pro Tem.[1]
IAN W. CLAIBORNE, J. Pro Tem.
Claimant, Tabatha A. Hughes, appeals a judgment of an Office of Workers' Compensation Administration (OWC) judge's (OWC District 5; Hon. Anthony P. Palermo, presiding judge) ruling on a show cause motion denying her request to change her treating physician, denying penalties and attorney's fees, and awarding $250 attorney's fees for her employer's, Albertson's, Inc. (Albertson's), failure to provide wage records in a timely fashion.[2] For the following reasons, we dismiss the appeal and remand the case to the OWC for further proceedings.

FACTS AND PROCEDURAL HISTORY
Claimant suffered a repetitive motion type injury (carpal tunnel syndrome) while working as a deli clerk at an Albertson's grocery store. She reported the injury to Albertson's on November 30, 1998, began treatment with an orthopedic surgeon, Dr. Randall Lea, and eventually underwent surgery on June 30, 1999. Albertson's paid claimant workers' compensation benefits based on an average weekly wage of $201.25; however, Albertson's stopped paying benefits after a September 1999 functional capacity evaluation (FCE) revealed claimant could function at light-level duty. Albertson's offered claimant a modified, light-duty job within her physical restrictions. Shortly thereafter, claimant stopped working because of continued pain in her right wrist and hand. Claimant filed a disputed claim for compensation benefits on November 17, 1999. A mediation conference was held on February 15, 2000, at which Albertson's purportedly agreed to provide certain documents to claimant's attorney.[3] Meanwhile, claimant requested a change in her treating physician. Albertson's declined to pay for any treatment by a new physician within the same medical specialty and formally denied claimant's disputed claim for compensation.
On April 4, 2000, claimant filed a rule to show cause requesting that the OWC judge allow claimant to change her treating physician and order Albertson's to pay attorney's fees and penalties for refusing to allow claimant to change her physician. Claimant also requested that Albertson's be made to pay for claimant's medical expenses for aggravation of her condition and penalties and attorney's fees for failure to provide certain documents stipulated to in the mediation conference report, *1152 as well as penalties and attorney's fees for Albertson's failure to timely pay indemnity benefits. The rule to show cause was heard by the OWC judge on April 28, 2000, after which the judge issued an oral ruling and then signed a judgment on May 5, 2000. The judge's ruling denied all of claimant's requests except to order Albertson's to pay $250 in attorney's fees for its failure to timely produce wage records pursuant to the parties' stipulation in the mediation conference report. It is from this ruling that claimant appeals, seeking reversal of the judgment and an increase in the award of attorney's fees. Albertson's answered the appeal and seeks reversal of the $250 award for attorney's fees.

LAW AND ANALYSIS
Before we proceed with the merits of this appeal, we must determine whether the judgment issued by the OWC judge is appealable. At the outset, we note that neither party briefed this issue. Nevertheless, we may raise the issue sua sponte, based on La.Code Civ.P. art. 2162. See Peloquin v. Eunice News, 98-1524, p. 6 (La.App. 3d Cir.4/28/99), 737 So.2d 132, 137, writ denied, 99-1573 (La.9/17/99), 747 So.2d 563; Plauche v. Plauche, 95-979, p. 3 (La.App. 5th Cir. 3/13/96), 673 So.2d 1053, 1054.
A judgment is the determination of the rights of parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final. La.Code Civ.P. art. 1841. A final judgment is one that determines the merits in whole or in part. La.Code Civ.P. art. 1841. La.Code Civ.P. art.1915 provides for partial final judgments in certain situations and for designation of partial judgments as "final" for purposes of immediate appeal.[4] A judgment that does not *1153 determine the merits, but only preliminary matters in the course of the action, is an interlocutory judgment. La.Code Civ.P. art. 1841. La.Code Civ.P. art.2083 provides that appeals may be taken from final judgments and from interlocutory judgments that cause irreparable injury.
In the instant case, when the OWC judge enunciated oral reasons for his ruling, he stated: "[w]hether attorney fees and penalties are owed for failure to pay indemnity benefits or failure to timely pay indemnity benefits, I don't feel is appropriate for the hearing this morning on rule to show cause. I think those issues are more appropriate for a full trial when it can be established whether indemnity benefits are, in fact, owed or not owed." Thus, clearly the OWC judge was not rendering a final judgment on the merits of claimant's action for indemnity benefits.
Additionally, the language of the May 5, 2000 judgment does not expressly determine or designate the judgment as being a partial final judgment for an immediate appeal as required by La.Code Civ.P. art. 1915(B). Furthermore, the judgment does not fall under any of the specific instances outlined in La.Code Civ.P. art. 1915(A) which would automatically make it a final appealable judgment. Accordingly, the judgment is not final; it is interlocutory and therefore appealable only if it causes irreparable injury. No showing of irreparable injury has been made in this case.
We also rely upon Smith v. UNR Home Products, 614 So.2d 54, 54-55 (La. 1993), wherein the Louisiana Supreme Court explained:
Neither the Code of Civil Procedure nor the Worker's Compensation Act contemplate appeals from limited findings of hearing officers such as involved in this case. Ordinarily appeals are from final judgments....
LSA-R.S. 23:1310.5 contemplates an appeal from a final decision by the hearing officer upon completion of the required evidentiary hearing or hearings. Piecemeal appeals go counter to the new worker's compensation procedures which are designed to allow the hearing officer to "decide the merits of the controversy as equitably, summarily and simply as may be." LSA-R.S. 23:1317(A). The new procedures are designed to speed up the adjudicative process, not to prolong and complicate it by partial judgments and multiple appeals.
The law is clear that under the Workers' Compensation Act only final judgments which adjudicate the entire claim are appealable. Beaumont v. Exxon Corp., 98-1239, p. 2 (La.App. 5th Cir. 4/27/99), 734 So.2d 155, 156. See also, Winkler v. Wadleigh Offshore, Inc., XXXX-XXXX, p. 1 (La. App.4th Cir. 1/24/01), 781 So.2d 588, 588-589; Volion v. Baker Heritage, Inc., 97-92, p. 3 (La.App. 5th Cir. 5/28/97), 695 So.2d 1038.
In the present case, the judgment is not final in that the essential issues of the case (whether claimant is entitled to compensation and in what amount) remain undecided. Further, because the judgment is interlocutory in nature, it is subject to amendment or reversal by the OWC judge at any time prior to rendition of a final judgment in the case. It is thus not an appealable judgment. Beaumont, 98-1239 at 2, 734 So.2d at 156.

CONCLUSION
A review of the record reveals that the May 5, 2000 judgment appealed from is not an appealable judgment. The proper procedural device for review of an interlocutory judgment is to seek the supervisory jurisdiction of this court; we decline to convert claimant's appeal to an application for a supervisory writ of review. See Dixon v. B.W. Farrell, Inc., 97-2586, pp. 4-5 (La.App. 1st Cir. 6/29/98), 713 So.2d 1255, 1257-1258, writ not considered, 98-2081 *1154 (La.11/6/98), 726 So.2d 918. The criteria of Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981), have not been satisfied. Moreover, the appeal was taken more than 30 days after notice of judgment, at a time when an application for supervisory writs would not have been timely.
For the foregoing reasons, we dismiss the appeal, without prejudice, and remand the case to the OWC for further proceedings. The issues which claimant and her employer sought to raise in this appeal may be raised from a final, appealable judgment. All costs of this appeal are to be borne equally by claimant and Albertson's, Inc.
APPEAL DISMISSED WITHOUT PREJUDICE AND CASE REMANDED.
NOTES
[1] Judge Ian W. Claiborne, retired, is serving as judge pro tempore by special assignment of the Louisiana Supreme Court.
[2] La.R.S. 23:1310.5(F), amended by 2001 La. Acts, No. 593, Sec. 1, requires that the published court of appeal opinion identify the office of workers' compensation district from which the appeal was taken and the name of the workers' compensation judge who rendered the judgment or award.
[3] The mediation conference report is not a part of the record; therefore, we express no opinion whatsoever about the contents of the report or any agreements between the parties entered into at the mediation.
[4] On the date of filing of claimant's action (November 17, 1999), the applicable version of La.Code Civ.P. art.1915 defined a partial judgment as follows:

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
C. If an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remaining issues in the case. (Emphasis added.)