898 So.2d 443 (2004)
STATE of Louisiana through the DEPARTMENT OF SOCIAL SERVICES, Office of Family Support, Support Enforcement Services in the Interest of Cedric W. Williams, Minor Child of Tracy Williams
v.
McErvin HOWARD, a/k/a Mac Howard.
No. 2003 CW 2865.
Court of Appeal of Louisiana, First Circuit.
December 30, 2004.
Parris A. Taylor, Baton Rouge, Counsel for Plaintiff/Appellant State of Louisiana.
Robin Nesbitt, Baton Rouge, Counsel for Defendant/Appellee McErvin Howard.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
McCLENDON, J.
The salient issue raised on appeal in this action to establish paternity is whether the State of Louisiana, through the Department of Social Services Office of Family Support, Support Enforcement Services (hereinafter "the State") can require an alleged biological father to undergo paternity testing when the mother of the child was married to another man at the time of the child's birth. For the following reasons, *444 we vacate the judgment of the trial court.
On July 12, 2002, the State filed a petition to establish paternity against McErvin Howard. In its petition, the State asserted that the defendant maintained a sexual relationship with Tracy Williams from March of 1992 through June of 1992 and that Ms. Williams gave birth to Cedric W. Williams on March 17, 1993. Subsequently, the State filed a rule to show cause why a blood test should not be ordered. The trial court heard the rule to show cause on July 16, 2003. Before hearing any testimony or admitting any evidence, the trial court concluded that paternity testing to determine the biological father of the child was not available as the child's mother was married at the time of the child's birth and the presumed father had not timely filed an action to disavow. On August 22, 2003, the trial judge rendered judgment, denying the State's request for paternity testing. The State contests that judgment.[1]
The State filed its petition pursuant to LSA-R.S. 46:236.1(F)(1). That statute was redesignated as paragraph (D) of LSA-R.S. 46:236.1.2 by Acts 2003, No. 1068, Section 4, effective July 2, 2003. However, the statutory language was essentially unchanged and reads, in pertinent part, as follows:
The department, except when it is not in the best interest of the child, may without the necessity of written assignment, subrogation, tutorship proceedings, or divorce proceedings take direct civil action, including actions to establish filiation against an alleged biological parent notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibility under this Section, in any court of competent jurisdiction, to obtain an order, judgment, or agreement of support against the responsible person in any case in which the department is providing services under this Subpart.
This statute empowers the State to establish paternity despite the presumption of LSA-C.C. art. 184 that the husband of the mother of a child born during the marriage is the father of the child. The concept of "dual paternity" allows a child to seek support from the biological father notwithstanding that the child was conceived or born during the mother's marriage to another man, and is therefore presumed to be the legitimate child of the marriage. Warren v. Richard, 296 So.2d 813, 817 (La.1974). A legitimate father's status is not affected by an action to establish biological paternity, and a biological father does not escape his support obligations merely because a legal father may share the responsibility. Biological fathers are civilly obligated for the support of their offspring. Smith v. Cole, 553 So.2d 847, 854 (La.1989).
Considering the foregoing, the trial court clearly committed legal error in concluding *445 that the State could not seek to prove the biological paternity of Cedric Williams. Furthermore, the transcript of the hearing on the rule to show cause reflects that the trial court decided the case without allowing the State to present any evidence. Therefore, we have an insufficient basis upon which to decide the rule.[2] Accordingly, we vacate the judgment of the trial court and remand the case to the trial court for an evidentiary hearing on the State's rule to show cause.
For the foregoing reasons, we grant the writ, vacate the judgment of the trial court, and remand the case for the trial court to conduct an evidentiary hearing on the State's rule to show cause why the defendant should not submit to paternity testing in the form of a blood test.
WRIT GRANTED; JUDGMENT VACATED; CASE REMANDED WITH ORDER.
GUIDRY, J., dissents and assigns reasons.
GUIDRY, J., dissenting.
I believe that the majority errs in converting the State's devolutive appeal of a non-appealable, interlocutory judgment into an application for supervisory writs. Generally, this court does not convert appeals into writ applications. See Daniels v. Hancock Fabric Store, 00-2556, p. 3 (La.App. 1st Cir.12/28/01), 804 So.2d 965, 966. Furthermore, the appeal in this matter was taken more than 30 days after the notice of judgment was sent  at a time when an application for supervisory writs would not have been timely. See Hughes v. Albertson's, 00-2542, p. 6 (La.App. 1st Cir.12/28/01), 803 So.2d 1150, 1154.
I do not find, as does the majority, that judicial economy is served by the action taken on this appeal. In Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981) the Louisiana Supreme Court held that judicial efficiency and fundamental fairness mandates that an appellate court exercise its supervisory jurisdiction to review a matter when the ruling of the trial court is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved. Herlitz, 396 So.2d at 878; see also Dixon v. B.W. Farrell, Inc., 97-2586, pp. 4-5 (La.App. 1st Cir. 6/29/98), 713 So.2d 1255, 1257-1258, writ denied, 98-2081 (La.11/6/98), 726 So.2d 918. In the matter before us, although the ruling of the trial court is arguably incorrect, this court's reversal of the interlocutory ruling will not terminate the litigation; nor is there an absence of a dispute of fact, since Mr. Howard disputes Ms. Williams' allegation that the presumed father of the child is not, in fact, the child's biological father.
To allow an immediate appeal in this instance would only serve to encourage piecemeal adjudication, causing delay and judicial inefficiency. See State v. Clause, 486 So.2d 1206, 1208 n. 2 (La.App. 1st Cir.1986). It is well-settled that prior to final judgment, a district court may, at its discretion and on its own motion, change the result of interlocutory rulings. VaSalle v. Wal-Mart Stores, Inc., 01-0462, p. 5 (La.11/28/01), 801 So.2d 331, 334. Proof of this premise is demonstrated by the State's action in amending the petition to establish paternity to allege additional facts and then re-urging its rule to show cause why a blood test should not be ordered. According to the record before us, *446 the re-urged rule was still pending before the trial court at the time the State lodged its appeal.
Thus, by converting the appeal, the majority is sanctioning the conduct of the State in seeking untimely and improper review of an adverse judgment. For these reasons, I respectfully dissent.
NOTES
[1] The denial of a rule to show cause is a judgment that does not determine the merits of the case. Therefore, it is an interlocutory judgment. LSA-C.C.P. art. 1841. The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is an application for supervisory writs. See LSA-C.C.P. arts.2087 and 2201. However, we have authority to exercise our supervisory jurisdiction and treat the appeal of this interlocutory judgment as an application for supervisory writs. See CITGO Petroleum Corp. v. State ex rel. Dept. of Revenue and Taxation, 02-0999, p. 10 (La.App. 1 Cir. 4/2/03), 845 So.2d 558, 563, writ denied, 03-1243, (La.6/27/03), 847 So.2d 1274; Trahan v. Prudential Property & Casualty Ins. Co., 97-2470 p. 3 (La.App. 1 Cir. 5/14/99), 739 So.2d 811, 813. In the interest of judicial economy, we exercise our discretion and convert this appeal as an application for supervisory writs.
[2] We note that LSA-C.C.P. art. 964 provides that a rule to show cause is a contradictory motion.