I j>McCLENDON, J.
The salient issue raised on appeal in this action to establish paternity is whether the State of Louisiana, through the Department of Social Services Office of Family Support, Support Enforcement Services (hereinafter “the State”) can require an alleged biological father to undergo paternity testing when the mother of the child was married to another man at the time of the child’s birth. For the following rea *444 sons, we vacate the judgment of the trial court.
On July 12, 2002, the State filed a petition to establish paternity against McErvin Howard. In its petition, the State asserted that the defendant maintained a sexual relationship with Tracy Williams from March of 1992 through June of 1992 and that Ms. Williams gave birth to Cedric W. Williams on March 17, 1993. Subsequently, the State filed a rule to show cause why a blood test should not be ordered. The trial court heard the rule to show cause on July 16, 2003. Before hearing any testimony or admitting any evidence, the trial court concluded that paternity testing to determine the biological father of the child was not available as the child’s mother was married at the time of the child’s birth and the presumed father had not timely filed an action to disavow. On August 22, 2003, the trial judge rendered judgment, denying the State’s request for paternity testing. The State contests that judgment.[1]
The State filed its petition pursuant to LSA-R.S. 46:236.1(F)(1). That statute was redesignated as paragraph (D) of LSA-R.S. 46:236.1.2J^by Acts 2003, No. 1068, Section 4, effective July 2, 2003. However, the statutory language was essentially unchanged and reads, in pertinent part, as follows:
The department, except when it is not in the best interest of the child, may without the necessity of written assignment, subrogation, tutorship proceedings, or divorce proceedings take direct civil action, including actions to establish filiation against an alleged biological parent notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibility under this Section, in any court of competent jurisdiction, to obtain an order, judgment, or agreement of support against the responsible person in any case in which the department is providing services under this Subpart.
This statute empowers the State to establish paternity despite the presumption of LSA-C.C. art. 184 that the husband of the mother of a child born during the marriage is the father of the child. The concept of “dual paternity” allows a child to seek support from the biological father notwithstanding that the child was conceived or born during the mother’s marriage to another man, and is therefore presumed to be the legitimate child of the marriage. Warren v. Richard, 296 So.2d 813, 817 (La.1974). A legitimate father’s status is not affected by 'an action to establish biological paternity, and a biological father does not escape his support obligations merely because a legal father may share the responsibility. Biological fathers are civilly obligated for the support of their offspring. Smith v. Cole, 553 So.2d 847, 854 (La.1989).
Considering the foregoing, the trial court clearly committed legal error in con- *445 eluding that the State could not seek to prove the biological paternity of Cedric Williams. Furthermore, the transcript of the hearing on the rule to show cause reflects that the trial court decided the case without allowing the State to present any evidence. Therefore, we have an insufficient basis upon which to decide the rule.[2] Accordingly, we vacate the judgment of the trial court and remand the case to the trial court for an evidentiary hearing on the State’s rule to show cause.
|4For the foregoing reasons, we grant the writ, vacate the judgment of the trial court, and remand the case for the trial court to conduct an evidentiary hearing on the State’s rule to show cause why the defendant should not submit to paternity testing in the form of a blood test.
WRIT GRANTED; JUDGMENT VACATED; CASE REMANDED WITH ORDER.
GUIDRY, J., dissents and assigns reasons.

. The denial of a rule to show cause is a judgment that does not determine the merits of the case. Therefore, it is an interlocutory judgment. LSA-C.C.P. art. 1841. The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is an application for supervisory writs. See LSA-C.C.P. arts.2087 and 2201. However, we have authority to exercise our supervisory jurisdiction and treat the appeal of this interlocutory judgment as an application for supervisory writs. See CITGO Petroleum Corp. v. State ex rel. Dept. of Revenue and Taxation, 02-0999, p. 10 (La.App. 1 Cir. 4/2/03), 845 So.2d 558, 563, writ denied, 03-1243, (La.6/27/03), 847 So.2d 1274; Trahan v. Prudential Property & Casualty Ins. Co., 97-2470 p. 3 (La.App. 1 Cir. 5/14/99), 739 So.2d 811, 813. In the interest of judicial economy, we exercise our discretion and convert this appeal as an application for supervisory writs.

. We note that LSA-C.C.P. art. 964 provides that a rule to show cause is a contradictory motion.