h GUIDRY, J.,
dissenting.
I believe that the majority errs in converting the State’s devolutive appeal of a non-appealable, interlocutory judgment into an application for supervisory writs. Generally, this court does not convert appeals into writ applications. See Daniels v. Hancock Fabric Store, 00-2556, p. 3 (La.App. 1st Cir.12/28/01), 804 So.2d 965, 966. Furthermore, the appeal in this matter was taken more than 30 days after the notice of judgment was sent — at a time when an application for supervisory writs would not have been timely. See Hughes v. Albertson’s, 00-2542, p. 6 (La.App. 1st Cir.12/28/01), 803 So.2d 1150, 1154.
I do not find, as does the majority, that judicial economy is served by the action taken on this appeal. In Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981) the Louisiana Supreme Court held that judicial efficiency and fundamental fairness mandates that an appellate court exercise its supervisory jurisdiction to review a matter when the ruling of the trial court is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved. Herlitz, 396 So.2d at 878; see also Dixon v. B.W. Farrell, Inc., 97-2586, pp. 4-5 (La.App. 1st Cir. 6/29/98), 713 So.2d 1255, 1257-1258, writ denied, 98-2081 (La.11/6/98), 726 So.2d 918. In the matter before us, although the ruling of the trial court is arguably incorrect, this court’s reversal of the interlocutory ruling will not terminate the litigation; nor is there an absence of a dispute of fact, since Mr. Howard disputes Ms. Williams’ allegation that the presumed father of the child is not, in fact, the child’s biological father.
To allow an immediate appeal in this instance would only serve to encourage piecemeal adjudication, causing delay and judicial inefficiency. See State v. Clause, 486 So.2d 1206, 1208 n. 2 (La.App. 1st Cir.1986). It is well-settled that prior to final judgment, a district court may, at its discretion and on its own motion, change the result of interlocutory rulings. VaSalle v. Wal-Mart Stores, Inc., 01-0462, p. 5 (La.11/28/01), 801 So.2d 331, 334. Proof of this premise is demonstrated by the State’s action in amending the petition to establish paternity to allege additional facts and then re-urging its rule to show cause why a blood test should not be ordered. According to the record before us, *446 the re-urged rule was still pending before the trial court at the time the State lodged its appeal.
Thus, by converting the appeal, the majority is sanctioning the conduct of the State in seeking untimely and improper review of an adverse judgment. For these reasons, I respectfully dissent.