GUIDRY, J.
lain this child in need of care proceeding, the State of Louisiana, Department of Children and Family Services, Child Welfare Division (Department) appeals from a judgment of the trial court finding that the child, KD.,[1] was not in need of care and dismissing the matter. For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
On September 4, 2015, the Department received a report of neglect/lack of adequate supervision concerning three minor children, J.D., K.D., and K.D. The. report alleged that the children’s mother had failed to get them off of the school bus four times in two weeks. On the fourth occurrence, the bus driver contacted the .transportation department and was informed that if it happened again, the driver was to contact the police and take the children to the bus garage. • The report also stated that the mother had a history of substance abuse and that there was concern that.she. may be using again.
The Department conducted an investigation, during the course of which the mother was. contacted on September 15, 2015, and she admitted to using heroin earlier in the day in front of her four year old daughter,. K.D. The mother also admitted to using marijuana, crystal meth, and cocaine. The mother stated that she had completed.* a twenty-one day substance abuse treatment program earlier in the year, but that she failed to follow up her treatment with substance abuse classes.
On September 22, 2015, the mother contacted the Department and appeared to be under the influence. A Department employee went to the mother’s home and found her under the influence of alcohol, marijuana, and heroin. The mother also had an active warrant out for her arrest for violating her'probation. The mother I.Jived with her boyfriend, who also admitted to using marijuana and heroin and is a convicted felon with an outstanding warrant for his arrest. Based on this information, the Department contacted the duty judge later that day and requested custody of J.D., K.D., and K.D. The trial court issued an oral instanter order removing the children from the custody of their mother.
In an affidavit in support of the instanter order, Jenny Moore, an employee with the Department, asserted that due to present and impending danger, the mother’s inability to provide a safe and stable home *520 environment for her children, and her history of substance abuse and current substance abuse, there was good cause to believe that the children should be removed from the custody of the parents pending completion of the investigation and that an instanter order should issue granting temporary removal of the children.
Thereafter, on September 23, 2015, the trial court issued a written instanter order, finding: reasonable grounds to believe that the children are abused or neglected; that it is contrary to the welfare, health, and safety and best interest of the children to continue in the home of their mother; and that it is necessary to take the children into custody of the Department for their protection. The children were placed in the custody of a maternal great aunt and uncle.
A continued custody hearing was held on September 25, 2015, wherein L.D., the father of the two boys, J.D. and K.D., and Ms. Moore testified regarding LJD.’s desire and ability to take custody of all three children, including K.D., who was not his biological child but who he had helped raise for three years while he was married to her mother. L.D. denied that his children were in need of care because he could care for them. At the hearing, the Department did not oppose transferring custody of L.D.’s sons to him because the Department had checked his home. However, as to K.D. the Department still requested that she be found in need of care.
[4Puring the course of the hearing, the trial court repeatedly expressed its concern with splitting up the children. Ultimately, the trial court determined that if all of the children are placed with L.D., they are not in need of care. The trial court subsequently signed a judgment finding reasonable grounds did not exist to find the minor children are children in need of care. Further, because the court did not wish to separate K.D. from her brothers and because she would be placed in the care of L.D., the court found that she was not in need of state’s custody. The trial court ordered that custody of the two boys, J.D. and K.D., be transferred to them father, L.D.; ordered that the Department be relieved of custody of all three children; and ordered that the matter be dismissed. The Department now appeals from the trial court’s judgment.
DISCUSSION
Chapter 6 of Title 6 of the Louisiana Children’s Code provides for procedures for the protection of a child either before or after a formal child in need of care petition is filed. See La. Ch. C. arts. 617-627. Louisiana Children’s Code article 619(A) permits the Department to file a verified complaint alleging facts showing that there are reasonable grounds to believe that the child is in need of care and that emergency removal 'is necessary to secure the child’s protection. Upon presentation of the verified complaint, the trial court shall immediately determine whether emergency removal is necessary to secure the child’s protection. La. Ch. C. art. 619(C)(1). If the court determines that the child’s welfare cannot be safeguarded without removal, the court shall immediately issue a written instanter order directing that the child be placed in the provisional custody of a suitable relative or other suitable individual capable of protecting the health and safety of the child or be taken into the custody of the state. La. Ch. C. art. 619(C)(2).
|fiIn exceptional circumstances, however, the facts supporting the issuance of an instanter order and the exceptional circumstances may be relayed orally to the judge and his order directing that a child be taken into custody may be issued orally. *521 La. Ch. C. art. 620(A). In such cases, an affidavit containing the information previously relayed orally shall be filed with the clerk of court within twenty-four hours and a written order shall be issued. The written order shall include the court’s findings of fact supporting the necessity for the child’s removal. La. Ch. C. art. 620(B).
If a child is not released to the care of his parents, a hearing shall be held by the court within three days after the child’s removal or entry into custody. La. Ch. C. art. 624(A). At this hearing, the state has the burden to prove the existence of a ground for continued custody. La. Ch. C. art. 624(D). Grounds for continued custody include, among other things, neglect. See La. Ch C. art. 606(A)(2) and 603(18). The child and his parents may introduce evidence, call witnesses, be heard on their own behalf, and cross-examine witnesses called by the state. La. Ch. C. art. 624(E). A suitable relative or other suitable individual who seeks to become the custodian of the child must provide evidence of a willingness and ability to provide a wholesome and stable environment for the child and to protect the health and safety of the child pending an adjudication hearing. La. Ch. C. art. 624(G).
Following a hearing, the court may return the child to the parents or, in accordance with La. Ch. C. art. 622, may place the child in the custody of a suitable relative, other suitable individual, or the Department. La. Ch. C. art. 627(A). If the child is not returned to the parents, the court shall place the child in the custody of a suitable relative unless the court has made a specific finding that such placement is not in the best interest of the child. La. Ch. C. art. 627(B).
| sin the instant case, the trial court conducted a continued custody hearing following the issuance of a written instanter order pursuant to La. Ch. C. art. 620. At the hearing, the Department agreed to transfer custody of the two boys, J.D. and K. D., to the care of their father, L.D., and requested that they be found not to be in need of care. However, the Department maintained that the girl, K.D., was still in need of care. Neither KD.’s mother nor her father were present at the hearing. Counsel for K.D.’s father, due to the father’s absence, admitted that K.D. was in need of care. The trial court, however, repeatedly expressed concern during the hearing over splitting up the three children. During the hearing, the trial court limited the argument of counsel to whether L.D., the father of the two boys, J.D. and K.D., was a suitable caretaker for the girl, K.D. After hearing testimony from L.D. regarding his living accommodations and Ms. Moore regarding the Department’s guidelines for placement, the trial court found that if all three children are placed with L.D., they are not in need of care.
Thereafter, the trial court issued a written judgment finding “[reasonable grounds to believe [that K.D. is a child] in need of care do not exist. Because it does not wish to separate [K.D.] from her brothers and because she will be placed in the care of [L.D.], the court finds that she is not in need of [spate’s custody.” As a result of this finding, the trial court ordered that “the [Department is] relieved of custody of ... [K.D.], and this matter is dismissed.”
From our review of the record, we find no legal basis for the trial court’s action. First, the trial court acknowledged at the beginning of the hearing that because K.D. is not the biological child of L.D., the Department would have to take K.D. into custody and place her with L.D. However, when it appeared that placement of K.D. with L.D. was not supported by the Department because such placement did not conform with the Department’s guide *522 lines, the trial court found K.D, not in need of care and “placed [her] in the care of [L.D.],” As evidenced by hthe hearing transcript, the trial court gave no consideration to whether the Department had proved a ground for continued custody. Furthermore, there is no legal basis to dismiss an affidavit and iristanter order and place - a child in the custody of a non-parent. See La. Ch. C. arts. 624(A) and 627.
Additionally, even if the trial court could legally transfer custody of K.D. to a non-parent without a finding that a reasonable ground exists to believe the child is in need of care and that continued custody is necessary for her safety, the judgment did not transfer custody of K.D. to L.D., but rather, the trial court simply relieved the Department of custody of K.D. and dismissed the matter.
Accordingly, because the trial court erred in applying the law outlined above regarding the protection of a child pending the filing of a formal child in need of care petition, and because the only matter addressed by the trial court at the continued custody hearing was the ability of L.D. to care for K.D. and no consideration was made as to whether the Department had proved the existence of a ground for the continued custody of K.D., we remand this matter to the trial court for a full continued custody hearing.[2] Then, if the trial court determines that a ground for continued custody exists, the trial court shall make a determination regarding the placement of the child pursuant to La, Ch. C. art, 627.
CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion. ■ All costs of this appeal are assessed equally to J.F. and A.D.
REVERSED AND REMANDED.
HOLDRIDGE, J., concurs with reason.

. The initials of the parties will be used to protect and maintain the privacy of the minor' child involved in this proceeding. See Uniform Rules-Courts of Appeal, Rules 5~l(a) and 5-2. '

. Because the trial court did not permit the Department or any of the parties to present evidence at the hearing as to whether a ground exists for the continued custody of K.D., remand is necessary to allow the presentation of evidence. See State ex rel. Dept. of Social Services v. Howard, 03-2865, p. 3 (La.App. 1st Cir. 12/30/04), 898 So.2d 443, 444-445.